**No. 25-50563**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**FUND TEXAS CHOICE; NORTH TEXAS EQUAL ACCESS FUND, LILITH FUND FOR REPRODUCTIVE EQUITY; FRONTERA FUND; JANE'S DUE PROCESS; CLINIC ACCESS SUPPORT NETWORK; GHAZALEH MOAYEDI; BUCKLE BUNNIES FUND,**
***Plaintiffs-Appellants***

**v.**

**RICHARD E. GLASER; SUSAN R. DESKI; JULIE RENKEN; WILEY B. MCAFEE; JOSE GARZA; FRED H. WEBER; JOE GONZALES; TORIBIO PALACIOS; K. SUNSHINE STANEK; GOCHA ALLEN RAMIREZ; ORI T. WHITE; RYAN SINCLAIR; JACOB PUTMAN; JAMES MONTOYA,**
***Defendants-Appellees***

---

On Appeal from the United States District Court
for the Western District of Texas, Austin Division
Civil Action No. 1:22-cv-859-RP

---

# BRIEF OF APPELLEES JOE GONZALES, JAMES MONTOYA, AND TORIBIO PALACIOS

---

JOE D. GONZALES
Bexar County Criminal District Attorney

By: /s/ Lisa V. Cubriel
LISA V. CUBRIEL
Bar No. 24045731
Lisa.Cubriel@bexar.org
ROBERT W. PIATT III
Bar No. 24041692

Robert.Piatt@bexar.org
Assistant District Attorneys,
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Facsimile: (210) 335-2773
*Attorneys for Appellee Joe Gonzales*

CHRISTINA SANCHEZ
EL PASO COUNTY ATTORNEY
320 S. Campbell St., Suite 200
El Paso, Texas 79901
Telephone: (915) 273-3238
Telecopier: (915) 546-2133

BY: /s/ *John E. Untereker*
JOHN E. UNTEREKER
Assistant County Attorney
Texas Bar No. 24080627
Email: j.untereker@epcountytx.gov
*Attorneys for Appellee James Montoya*

TORIBIO "TERRY" PALACIOS
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY, TEXAS

*/s/ Leigh Ann Tognetti*
Victor M. Garza
Assistant District Attorney
Texas Bar No. 24029568
victor.garza@da.co.hidalgo.tx.us
Leigh Ann Tognetti
Assistant District Attorney
Texas Bar No. 24083975
leigh.tognetti@da.co.hidalgo.tx.us
100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609

Fax: (956) 318-2301
*Attorneys for Appellee Toribio "Terry" Palacios*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellants:** | **Counsel:** |
|---|---|
| Fund Texas Choice<br>North Texas Access Fund<br>Lilith Fund for Reproductive Equity<br>Frontera Fund<br>Jane's Due Process<br>Clinic Access Support Network<br>Ghazaleh Moayedi<br>Buckle Bunnies Fund | Elizabeth Myers<br>John P. Atkins<br>Allyn Jaqua Lowell<br>Jennifer R. Ecklund<br>Thompson Coburn, L.L.P. |

| **Appellees:** | **Counsel:** |
|---|---|
| Richard E. Glaser<br>Susan R. Deski<br>Julie Renken<br>Wiley B. "Sonny" McAfee<br>Fred H. Weber<br>Ryan Sinclair | Jason Eric Magee<br>Allison, Bass & Magee, L.L.P.<br>Austin, Texas |
| Jose Garza | Cynthia Wilson Veidt<br>Elaine Casas<br>Leslie Wood Dippel<br>Travis County Attorney's Office<br>Austin, Texas |
| Joe Gonzales | Lisa Violet Cubriel<br>Robert William Piatt III<br>Bexar County District Attorney's Office<br>San Antonio, Texas<br>Lisa.Cubriel@bexar.org |

| | |
|---|---|
| | Robert.piatt@bexar.orh |
| Toribio "Terry" Palacios | Victor Manuel Garza<br>Leigh Ann Tognetti<br>Hidalgo County District Attorney's Office<br>Edinburg, Texas |
| K. Sunshine Stanek | Heather Gebellin Hacker<br>Hacker Stephens, L.L.P.<br>Austin, Texas<br><br>Jennifer K. Irlbeck<br>Lubbock County District Attorney's Office<br>Lubbock, Texas |
| Gocha Allen Ramirez | Cynthia G. Gutierrez<br>Contreras Gutierrez & Associates<br>Edinburg, Texas |
| Jacob Putman | Heather Gebellin Hacker<br>Hacker Stephens, L.L.P.<br>Austin, Texas |
| James Montoya | John E. Untereker<br>El Paso County Attorney's Office<br>El Paso, Texas |

/s/ *Lisa V. Cubriel*
LISA V. CUBRIEL
Assistant District Attorney
*Attorney for Appellee Joe Gonzales*

/s/ *John E. Untereker*
JOHN E. UNTEREKER
Assistant County Attorney
*Attorney for Appellee James Montoya*

/s/ *Leigh Ann Tognetti*
LEIGH ANN TOGNETTI
Assistant District Attorney
*Attorney for Appellee Toribio "Terry" Palacios*

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Local Rule 28.2.3, Appellees Joe Gonzales, James Montoya, and Toribio "Terry" Palacios do not request oral argument in this appeal. The record fully sets forth the factual and legal issues, which are not complex. The parties' appellate briefs adequately present the facts and legal argument and sufficiently analyze controlling authorities pertaining to this appeal. Thus, the parties' presentation of oral argument would not significantly aid the Court's decision-making process and is unnecessary for the Court's disposition of this appeal. Further, dispositive issues in this case have been authoritatively decided. However, if the Court sets this matter for oral argument, Appellees Gonzales, Montoya, and Palacios respectfully request the opportunity to respond by presentation of oral argument.

## TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** .......... i-i

**STATEMENT REGARDING ORAL ARGUMENT** .......... iii

**TABLE OF CONTENTS** .......... iv

**TABLE OF AUTHORITIES** .......... v-viii

**STATEMENT OF THE ISSUE** .......... 1

The district court correctly determined that Appellants' claims against Appellees Gonzales, Montoya and Palacios are barred by the Eleventh Amendment and the doctrine of sovereign immunity: the *Ex parte Young* exception does not apply to Appellee District Attorneys Gonzales, Montoya and Palacios because the record contains no evidence that these District Attorneys took any affirmative steps to enforce or threaten to enforce Texas's pre-*Roe* statutes against Appellants for their desired conduct of facilitating out-of-state abortions.

**STATEMENT OF THE CASE** .......... 1-5

**SUMMARY OF THE ARGUMENT** .......... 5-6

**STANDARD OF REVIEW** .......... 7

**ARGUMENT** .......... 7-27

**CONCLUSION** .......... 28

**CERTIFICATE OF SERVICE** .......... 31

**CERTIFICATE OF COMPLIANCE** .......... 32

## TABLE OF AUTHORITIES

**United States Supreme Court and Federal Circuit Court Opinions**

*Air Evac EMS, Inc. v. TDI-DWC*, 851 F.3d 507 (5th Cir. 2017)……………………19

*Aparicio v. Texas*, 145 S. Ct. 2852 (2025)…………………………………………15

*Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289 (1979)……………..…24

*Bordenkircher v. Hayes*, 434 U.S. 357 (1978)……………………………………14

*Calhoun v. Collier*, 78 F.4th 846 (5th Cir. 2023)…………………………………7, 19

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)……………………………...……7

*Christian Action League of Minnesota v. Freeman*, 143 S. Ct. 304 (2022)……….25

*City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019)……………………………11

*Daigle v. Gulf State Utils. Co*., 794 F.2d 974 (5th Cir. 1986)………………………10

*Davidson v. Fairchild Controls Corp*, 882 F.3d 180 (5th Cir. 2018)……………..…7

*Def. Distrib. v. Platkin*, 55 F.4th 486 (5th Cir. 2022)……………………………..…22

*DeSpain v. Johnson*, 731 F.2d 1171 (5th Cir. 1984)…………………………….....9

*Dobbs v. Jackson Women's Health Org*., 597 U.S. 215 (2022)…………………….1

*Ex parte Young*, 209 U.S. 123 (1908)……….1, 4-7, 10-14, 16, 18, 22, 22-24, 26-28

*Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997)……………………………………...9

*Favela v. Collier*, 91 F.4th 1210 (5th Cir. 2024)…………………………….....……7

*Healthy Vision Ass'n v. Abbott*, 138 F.4th 385 (5th Cir. 2025)…………………15, 19

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997)……………………..23

*McCorvey v. Hill*, 385 F.3d 846 (5th Cir. 2004)…………………………………..18, 25

*McGruder v. Will*, 204 F.3d 220 (5th Cir. 2000)……………………………………..…7

*Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024)………4-6, 10, 12-14, 16, 19, 21-28

*Minnesota RFL Repub. Farmer Lab. Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022)…………………………………………………………………………..20, 25

*Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770 (5th Cir. 2024)…....15, 24

*Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002)………………………………………...9

*Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005)………………………9

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)………………10

*Port Auth. Transp-Hudson Corp. v. Feeney*, 495 U.S. 299 (1990)……………...…10

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993)………………………………………………………………………………7

*Quinn v. Roach*, 326 F.App'x 280 (5th Cir. 2009)…………………………….…9

*Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996)…………………………...…10

*Sessions v. Rusk State Hosp.*, 648 F.2d 1066 (5th Cir. 1981)………………………..9

*Sossaman v. Tex.*, 563 U.S. 277 (2011)……………………………………………10

*Speech First, Inc. v. Fenves*, 979 F.3d 319 (5th Cir. 2020)……………………3, 23

*Tennessee v. Lane*, 541 U.S. 509 (2004)………………………………………….…9

*Tex. All. For Retired Ams. v. Scott*, 28 F.4th 669 (5th Cir. 2022)………..…12, 13, 18

*Tex. Democratic Party v. Abbott*, 961 F.3d 389 (5th Cir. 2020)……………………..8

*Tex. Democratic Party v. Abbott*, 978 F.3d 168 (5th Cir. 2020)……………..…12, 13

*United States v. Morrison*, 529 U.S. 598 (2000)……………………………….…9

*Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383 (1988)…………………………..24

*Wayte v. United States*, 470 U.S. 598 (1985)……………………………………15

*Whole Woman's Health v. Jackson*, 595 U.S. 30, 49 (2021)………………….…11

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)………………………9

**Western District of Texas Opinions**

*Computer & Communications Indus. Ass'n v. Paxton*, 747 F. Supp.3d 1011 (W.D. Tex. Aug. 30, 2024)……………………………………………………………..15

*West v. Clark*, 2015 WL 7571944 (W.D. Tex. – Austin Nov. 23, 2016)………..…10

*Williams v. Needles*, 1:23-CV-00341-RP-SH, 2023 WL 3029278 (W.D. Tex. Apr. 20, 2023), report and recommendation adopted, 1:23-CV-341-RP, 2023 WL 3612334 (W.D. Tex. May 23, 2023)………………………………………...8-9

**State Court Opinions**

*Dickson v. Afiya Ctr.*, 636 S.W.3d 247 (Tex. App. – Dallas 2021)…………….....18

*Ex parte Aparicio*, 707 S.W.3d 189 (Tex. Crim. App. 2024)………………………15

*Lilith Fund for Reproductive Equity v. Dickinson*, 662 S.W.3d 355 (Tex. 2023)..…18

*Neal v. State*, 150 S.W.3d 169 (Tex. Crim. App. 2004)……………………………14

*State v. Malone Serv. Co.*, 829 S.W.2d 763 (Tex. 1992)…………………………..14

*State v. Stephens*, 663 S.W.3d 45 (Tex. Crim. App. 2021)……………………14, 22

*Zimmerman v. City of Austin*, 620 S.W.3d 473 (Tex. App. – El Paso 2021)……….18

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 56(a)……………………………………………………...6, 7

**Texas Statutes**

Tex. Const. Art. V, § 21…………………………………………………………..8

Tex Code of Crim. Proc. art. 2A.101………………………………………..16, 17

Tex Code of Crim. Proc. art. 2A.102………………………………………………..8

Tex. Gov't Code § 43.120…………………………………………………………..8

Tex. Gov't Code § 44.115…………………………………………………………..8

Tex. Gov't Code § 44.208……………………………………………………...…8

Tex. Loc. Gov't Code 87.011(3)(B)…………………………………...…16, 17

## STATEMENT OF THE ISSUE

The district court correctly determined that Appellants' claims against Appellees Gonzales, Montoya and Palacios are barred by the Eleventh Amendment and the doctrine of sovereign immunity; the *Ex parte Young* exception does not apply to Appellee District Attorneys Gonzales, Montoya and Palacios because the record contains no evidence that these District Attorneys took any affirmative steps to enforce or threaten to enforce Texas' pre-*Roe* statutes against Appellants for their desired conduct of facilitating out-of-state abortions.

## STATEMENT OF THE CASE

Appellants are several non-profit Texas abortion funds and practical support networks, and an individual physician who serves as a board member on one of the non-profits, who provided funding, transportation assistance, and lodging assistance for pregnant Texans who sought abortions outside of Texas prior to the United States Supreme Court's decision in *Dobbs v. Jackson Women's Health Org*., 597 U.S. 215 (2022). ROA.25-50563.5553-5554. After the Supreme Court issued its decision in *Dobbs*, Appellants brought suit "to challenge any criminal prosecution of…Plaintiffs under Texas anti-abortion statutes for lawful exercise of their constitutional and statutory federal rights." ROA.25-50563.5553.

Appellants' Original Class Action Complaint for Declaratory and Injunctive Relief was initiated on August 23, 2022 against Texas Attorney General Ken Paxton

and Appellees Deski, Renken, McAfee, Garza, and Weber. ROA.25-50563.89-143. Appellants filed a motion for temporary restraining order and preliminary injunction on August 24, 2022. ROA.25-50563.684-735.

The district court dismissed Defendant Paxton from the suit on February 24, 2023 and granted the Appellants' request for preliminary injunctive relief, enjoining the prosecutor Defendants from enforcing the pre-*Roe* statutes, which the Court held were impliedly repealed and null and void. ROA.25-50563.4237-4288.

Thereafter, Appellants filed their Second Amended Class Action Complaint for Declaratory and Injunctive Relief on April 20, 2023, naming several additional Texas District Attorneys as Defendants, including Appellees Gonzales, Palacios, and Hicks[1]. ROA.25-50563.5581-5582. Appellees Gonzales, Palacios, and Hicks were named as Defendants in their official capacities because of their general authority as elected prosecutors representing the State of Texas to prosecute state-law criminal offenses within their respective jurisdictions: Bexar, Hidalgo, Hudspeth, and El Paso counties. ROA.25-50563.5581-5583.

Appellants sued each Appellee individually but also sought to bring a class action comprised of "All elected District Attorneys and County Attorneys in the

[1] Appellee Montoya was automatically substituted in for former Defendant Bill D. Hicks, the previous District Attorney of Hudspeth and El Paso Counties, when he took office on January 1, 2025.

State of Texas who have the authority within their jurisdictions to enforce through criminal prosecutions the Pre-*Roe* Statutes."[2] ROA.25-50563.5609. In other words, Appellants sought to bring suit against every elected prosecutor in Texas, covering each of Texas's 254 counties, regardless of the prosecutor's own statements or actions towards them.[3]

Defendants Gonzales, Palacios, and Hicks each filed a Rule 12(b)(1) motion to dismiss, challenging Appellants' Article III standing. ROA.25-50563.6096-6013; ROA.25-50563.6105-6110; ROA.25-50563.6113-6119. None of these District Attorney defendants had taken any affirmative steps to threaten enforcement in response to Appellants' desired conduct of facilitating out-of-state abortions. These Defendants did nothing more than simply hold their elected offices in their respective jurisdictions.

On December 21, 2023, the district court, relying on *Speech First, Inc. v. Fenves*, 979 F.3d 319, 335 (5th Cir. 2020), *as revised*, (Oct. 30, 2020), denied the motions to dismiss (ROA.25-50563.9315-9343) because Appellants did not have to show specific threats of enforcement from each prosecutor Defendant to establish Article III standing because "the threat [of enforcement] is latent in the existence of

---

[2] Appellants' Motion for Class Certification was denied on June 26, 2024. ROA.25-50563.16225.

[3] This reflects that Appellants were actually targeting the State of Texas itself, not the individual Appellees. *See, e.g.,* ROA.25-50563.5552-5636 (Second Amended Complaint) at ROA.25-50563.5552-5553, 5609-5612, 5630.

the statute" itself. ROA.25-50563.9327 (citing *Speech First*, 979 F.3d at 335). The Fifth Circuit had not yet issued its opinion in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024) when the district court decided Appellees' respective 12(b)(1) motions to dismiss. As the Fifth Circuit explained in *Ogg*, the *Ex parte Young* and standing analyses are "not identical," and what is sufficient for standing may not be sufficient for *Ex parte Young*. *Ogg*, 105 F.4th at 329.

On May 17, 2024, Appellants filed a Motion for Partial Summary Judgment against Appellees, asking the district court for a declaratory judgment that (1) the pre-*Roe* laws were impliedly repealed; (2) retroactive application of the pre-*Roe* laws violates due process; (3) the pre-*Roe* laws violate Appellants' constitutional rights to travel, speech, and assembly; and (4) the pre-*Roe* laws are void for vagueness. ROA.25-50563.14768-14802.

Appellees Gonzales, Hicks, and Palacios each opposed Appellants' Motion for Partial Summary Judgment. ROA.25-50563.17150-17160; ROA.25-50563.17170-17182; ROA.25-50563.17509-17522. Appellees Gonzales and Montoya each moved for summary judgment on February 20, 2025 and April 4, 2025. ROA.25-50563.18279-18293; ROA.25-50563.18661-18664. Each Appellee asserted that Appellants' claims are barred by Eleventh Amendment and sovereign immunity under the *Ex parte Young* test laid out by the Fifth Circuit in *Mia Familia*

*Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024). ROA.25-50563.18285-18293; ROA.25-50563.18661-18664; ROA.25-50563.17174-17182.

On May 23, 2025, the district court issued an order granting Appellee Gonzales' and Montoya's motions for summary judgment and dismissed Appellees from the lawsuit because none of the Defendants fell into the *Ex parte Young* exception, and the district court therefore lacked subject matter jurisdiction. ROA.25-50563.18845-18866.

This appeal followed. ROA.25-50563.18873-18875.

## SUMMARY OF THE ARGUMENT

The district court properly followed this Court's ruling in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024). The record is devoid of the evidence necessary to support Appellants' burden of proof below to show that a fact issue remained whether Appellees Gonzales, Montoya, and Palacios—rather than the Attorney General, members of the Texas Legislature, and/or other prosecutors—had each demonstrated an intent to enforce the Pre-*Roe* Statutes,[4] or that Appellees Gonzales, Montoya, and Palacios had each acted or were likely act in a way that would compel

---

[4] The district court further noted that the Supreme Court has determined that these pre-*Roe* Statutes were unconstitutional, this Honorable Court of Appeals held in 2004 that these statutes had been repealed by implication, and two Texas courts have held that they are unenforceable. ROA.25-50563.18847-18848. In light of the pre-*Roe* laws' uncertain status, the district court properly determined that mere failure to disavow enforcement does not amount to evidence of a willingness to enforce. ROA.25-50563.18861.

or constrain the Appellants, as would be required to strip Appellees of their Eleventh Amendment and sovereign immunity. *Ogg*, 105 F.4th at 332-33.

Pursuant to *Ogg*, Appellants' claims against Appellees Gonzales, Montoya, and Palacios are barred by these Appellees' Eleventh Amendment and sovereign immunity because Appellant's allegations did not provide any basis to assert the *Ex parte Young* exception to the Eleventh Amendment's general rule precluding suits against state officials in their official capacities, nor did they provide evidence to support any such allegation with respect to Appellee Gonzales', Montoya's or Palacios' own actions, as explained below. The district court properly granted Appellee Gonzales' and Montoya's Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on all of Appellants' claims. Appellants did not present evidence supporting their assertion that their rights, as protected by the U.S. Constitution, were violated by Appellees Gonzales, Montoya, and Palacios and their claims remain barred by Eleventh Amendment immunity and sovereign immunity in accordance with recent Fifth Circuit precedent in *Ogg*.

The district court properly rejected Appellants' arguments that *Ogg* is not compatible with more recent opinions from this Honorable Court, (ROA.25-50563.18857-18858) and this Honorable Court should similarly reject Appellants' arguments under the rule of orderliness.

## STANDARD OF REVIEW

The standard of review on summary judgment is *de novo*. *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024) (citing *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018)). "When a party moves for summary judgment on an issue where that party bears the ultimate burden of proof, it must establish a prima facie case with admissible evidence." *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A court should grant summary judgment where there is no genuine dispute of material fact "and the movant is entitled to judgment as a matter of law." *Davidson*, 882 F.3d at 184 (quoting Fed. R. Civ. P. 56(a)). The Court '"may affirm [summary judgment] on any grounds supported by the record.'" *Calhoun v. Collier*, 78 F.4th 846, 850 (5th Cir. 2023) as revised (Aug. 31, 2023) (quoting *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000)). Whether state defendants are entitled to sovereign immunity is a question of law, reviewed *de novo* on appeal. *Id*. at 851. "While the *Ex parte Young* doctrine is a 'necessary exception to Eleventh Amendment immunity,' the 'exception is narrow.'" *Id*. quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

## ARGUMENT AND AUTHORITIES

The district court correctly determined that Appellants' claims against Appellees Gonzales, Montoya and Palacios are barred by the Eleventh Amendment

and the doctrine of sovereign immunity.

Appellees Gonzales, Montoya and Palacios occupy constitutionally established positions within the Judicial Department of the State of Texas. *See* Tex. Const. Art. V, § 21; *see also* Tex. Gov't Code §§ 43.120, 44.115, 44.208 (establishing the offices held by Appellees Montoya, Gonzales, and Palacios). The Texas Constitution provides the Texas Legislature with a direct role in regulating both the scope of prosecutorial duties and compensation for Texas district attorneys. *See id.*; Tex. Code of Crim. Proc. Art. 2A.102 (providing that each district attorney shall represent the state in all criminal cases in the district courts of their district). As a general matter, state sovereign immunity precludes suits against state officials in their official capacities. *See*, *e.g.*, *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party I*").

It was undisputed below that Appellants sued Appellees Gonzales, Montoya and Palacios in their official capacities as elected prosecutors for the State of Texas for claims arising out of their potential enforcement of the State's criminal laws. The Fifth Circuit has repeatedly recognized that Texas district attorneys act as agents of the State when performing prosecutorial functions and are therefore entitled to Eleventh Amendment immunity from claims for monetary damages. *Williams v. Needles*, 1:23-CV-00341-RP-SH, 2023 WL 3029278, at *4 (W.D. Tex.

Apr. 20, 2023), (Hightower, J.), report and recommendation adopted, 1:23-CV-341-RP, 2023 WL 3612334 (W.D. Tex. May 23, 2023) (Pitman, J.) (citing *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 678 n.8 (5th Cir. 1997)).

The enforcement of criminal laws—through the "suppression of violent crime and the vindication of its victims"—is a core function of a state's police power. *United States v. Morrison*, 529 U.S. 598, 618 (2000) ("Indeed, we can think of no better example of the police power"). Consistent with this principle, Texas has a strong and well-recognized interest in enforcing its criminal laws. *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). Moreover, a state is not a "person under Title 42 United States Code Section 1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66 (1989).

The Eleventh Amendment shields states, their agencies, and state officials acting in their official capacities from "any suit in law or equity" brought in federal court, absent a valid waiver by the State or abrogation by Congress. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276-77 (5th Cir. 2005); *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). The Fifth Circuit has expressly held that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983, and Texas has not consented to such suits. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Appellants' claims against

Appellees Gonzales, Montoya and Palacios were properly dismissed because those claims were based entirely on the generalized discretionary ability to perform each Appellee's duties as a state official – specifically, enforcing provisions of the Texas Penal Code by initiating and prosecuting criminal cases on behalf of the State of Texas. *See Ogg*, 105 F.4th at 326-28; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 123-25 (1984); *West v. Clark*, 2015 WL 7571944, *2-3 (W.D. Tex.—Austin Nov. 23, 2015).

Three narrow exceptions permit suits against states, state agencies, and state officials in federal court: (1) a clear waiver of immunity or consent to suit by the state; (2) valid abrogation of immunity by Congress; or (3) the state's amenability to suit under doctrine of *Ex parte Young*. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Ex parte Young*, 209 U.S. 123 (1908).

First, a state may expressly waive its sovereign immunity. *Daigle v. Gulf State Utils. Co*., 794 F.2d 974, 980 (5th Cir. 1986). Waiver must be unequivocal; courts require a "clear declaration" to ensure that "the State in fact consents to suit." *Sossamon v. Texas, et al*., 563 U.S. 277, 284 (2011).

Second, Congress may abrogate sovereign immunity if it makes its intent unmistakably clear and acts "pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Fla*., 517 U.S. 44, 55 (1996).

Third, the legal fiction recognized by the Supreme Court in *Ex parte Young* provides a limited "exception to Eleventh Amendment sovereign immunity" in appropriate cases. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Under this doctrine, federal courts may enjoin prospective unconstitutional conduct by state officials who are "clothed with some duty" to enforce state law and who threaten to initiate enforcement proceedings, whether civil or criminal. *Ex parte Young*, 209 U.S. at 155–56.

In this case, the district court correctly concluded that none of the exceptions to Eleventh Amendment immunity applied to Appellees Gonzales, Montoya, and Palacios. The record contains no evidence that the State of Texas or these Appellees waived their sovereign immunity, nor did Appellants allege that Congress abrogated such immunity with respect to their claims. Additionally, Appellants' Second Amended Complaint failed to allege any basis for the application of the *Ex parte Young* exception as to these Appellees.

The district court therefore properly dismissed Appellants' constitutional claims against Appellees Gonzales, Montoya and Palacios as a matter of law. As it stated, "[o]ur holding simply reflects that "those seeking to challenge the constitutionality of state laws are not always able to pick and choose the timing and preferred forum for their arguments." *Whole Woman's Health*, 595 U.S. at 30, 49 (2021). The Supreme Court "has never recognized an unqualified right to pre-

enforcement review of constitutional claims in federal court." *Ogg*, 105 F.4th at 333 (emphasis added).

Under *Ogg*, these District Attorneys are entitled to Eleventh Amendment and sovereign immunity, and the *Ex parte Young* exception does not apply to Appellants' pre-enforcement claims.

To determine whether a state official is a proper defendant under *Ex parte Young*, courts must assess whether the official has "some connection with the enforcement of" the challenged law. *Ogg*, 105 F.4th at 325 (quoting *Ex parte Young*, 209 U.S. at 157).

This Court has acknowledged its precedents are "not a model of clarity" regarding what constitutes a sufficient connection to enforcement. *See Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) ("This Circuit has not spoken with conviction about all relevant details of the 'connection' requirement.") (hereinafter "*Texas Democratic Party II*"). The Fifth Circuit has therefore identified three "guideposts" to assist district courts in that determination. *Ogg*, 105 F.4th at 315; see also, *Texas Democratic Party I*, 961 F.3d at 400 n.21 and *Texas All. for Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022). These guideposts require that: (1) the state official has "more than the general duty to see that the laws of the state are implemented," *i.e.*, a "particular duty to enforce the statute in question"; (2) the state official has "a demonstrated willingness to exercise that duty"; and (3) the

state official, through their conduct, "compel[s] or constrain[s persons] to obey the challenged law." *Id*., quoting *Scott*, 28 F.4th at 672.

Applying these guideposts, the district court correctly determined that Appellees Gonzales, Montoya and Palacios are not proper defendants under *Ex parte Young*.

1. **Appellants Created No Genuine Issue of Material Fact on the Existence of a Particular Duty to Enforce the pre-*Roe* Statutes; Appellees Gonzales, Montoya, and Palacios have no more than a general duty to enforce the challenged provisions.**

In Appellants' Second Amended Complaint, Appellees Gonzales, Montoya and Palacios were sued solely based on their general authority, as elected prosecutors representing the State of Texas, to prosecute state-law criminal offenses within their respective jurisdictions. ROA.25-50563.5580-5583. However, the Fifth Circuit has repeatedly held that "[a] general duty to enforce the law is insufficient" to establish the state official is a proper defendant under *Ex parte Young*. *Texas Democratic Party v. Abbott II*, 978 F.3d at 181. Rather, the state official must have a "particular duty to enforce the statute in question." *Scott*, 28 F.4th at 672.

In *Ogg*, the Fifth Circuit addressed whether an elected prosecutor's general authority to prosecute state-law criminal offenses within his or her jurisdiction constitutes a "particular duty" to enforce a specific criminal statute. In that case, Harris County District Attorney Kim Ogg was sued by advocacy groups and individuals bringing a pre-enforcement challenge to portions of Senate Bill 1, the

omnibus elections bill enacted during the 87th Legislature's Second Special Session in 2021. *Ogg*, 105 F.4th at 317-18.

Relying on the Texas Court of Criminal Appeals' decision in *State v. Stephens*, the Fifth Circuit concluded that Ogg's authority to bring criminal prosecutions derives from the Texas Constitution and the Texas Code of Criminal Procedure – not from the Texas Election Code. *Id*. at 328. Although Ogg possessed the *authority* to enforce the challenged provisions of Texas election law, both she and the Fifth Circuit recognized that such authority does not amount to the type of *duty* contemplated by *Ex parte Young*. *Id*.

"Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute. Thus, '[i]f the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely within his or her discretion.'" *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) (citing *State v. Malone Serv. Co.*, 829 S.W.2d 763, 769 (Tex.1992)); and quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) '"[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion"' *Id*.

"The Supreme Court has recognized, prosecutorial discretion is 'particularly ill-suited' for judicial review." *Ex parte Aparicio*, 707 S.W.3d 189, 203 (Tex. Crim. App. 2024), cert. denied sub nom. *Aparicio v. Texas*, 145 S. Ct. 2852 (2025) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)). The unique nature of this discretion, which Appellants would prefer to ignore, prevents a presumption of willingness to enforce. Contrary to Appellants' argument, prosecutorial discretion simply is not comparable to the enforcement authority of the head of a state agency charged with enforcement of a managed care statute under the State Insurance Code. Appellant's Brief at 17-21, citing *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 400 (5th Cir. 2025). This Court has recognized that heads of state agencies (unlike independent, locally elected prosecutors) even with discretionary enforcement authority still had a particular duty, rather than general duty, to enforce state laws.[5] Given the history and breadth of prosecutorial discretion, and the distinctions in its contours, the district court would have erred in finding Appellees Gonzales, Montoya, and Palacios had any "specific duty" to enforce the questionably viable pre-*Roe* laws.

---

[5] *See Computer & Commc'ns Indus. Ass'n v. Paxton*, 747 F. Supp. 3d 1011, 1027 (W.D. Tex. 2024) (citing *Natl. Press Photographers Ass'n. v. McCraw*, 90 F.4th 770, 786 (5th Cir. 2024)) (finding state agency heads with discretionary enforcement power had a particular duty to enforce and noting that "[a]s heads of Texas law-enforcement agencies, [defendants] have more than just the general duty to see that the state's laws are implemented—they are directly responsible for enforcing Texas's criminal laws").

The Texas Code of Criminal Procedure provides that "[i]t shall be the primary duty of all prosecuting attorneys . . . not to convict, but to see that justice is done." Tex. Code Crim. Proc. Art. 2A.101. Accordingly, Ogg's general duty to seek justice, combined with her discretionary authority to prosecute criminal offenses, was insufficient to establish the requisite "connection to the enforcement of the challenged act" under *Ex parte Young*. *Id*. at 327. As the Fifth Circuit emphasized, holding otherwise "would make district attorneys the proper defendants in challenges to *all* criminal statutes categorically. Our precedent demands more from a state statute." *Id*. (emphasis in original).

The district court properly concluded the same reasoning applies to the instant case. Appellees Gonzales, Montoya, and Palacios possess general authority to enforce criminal laws within their jurisdictions, but that authority does not constitute a "particular duty" to enforce the challenged statute. Accordingly, they are not proper defendants under *Ex parte Young*.

Relying on Texas Local Government Code § 87.011(3)(B), Appellants attempted to distinguish *Ogg* by asserting that Appellees Gonzales, Montoya, and Palacios lack the same degree of "discretionary authority" to decide whether to enforce certain criminal laws as the Harris County District Attorney did in *Ogg*. ROA.25-50563.18687-18688. That provision prohibits prosecutors from "adopt[ing] or enforce[ing] … a policy of refusing to prosecute a class or type of

criminal offense under state law or instructing law enforcement to refuse to arrest individuals suspected of committing a class or type of offense under state law." Tex. Loc. Gov't Code § 87.011(3)(B). In advancing this argument, Appellants conflate the *authority* to enforce criminal laws – which all state prosecutors possess – with a particular *duty* to do so in every instance – which no prosecutor has. See Appellants' Brief at pg. 25.

As Criminal District Attorneys within their respective jurisdictions, Appellees Gonzales, Montoya and Palacios possess the authority to bring prosecutions; however, like all Texas prosecutors, they retain discretion under Article 2A.101 of the Texas Code of Criminal Procedure in determining which cases to pursue. Tex. Code. Crim. Proc. art. 2A.101. Reenacted on January 1, 2025, more than a year after Texas Local Government Code § 87.011(3)(B) took effect, this provision confirms the Texas Legislature did not intend to strip Texas district attorneys of their prosecutorial discretion. Section 87.011(3)(B) of the Texas Local Government Code does not require Texas District Attorneys to prosecute *every* filed case under *every* criminal statute, regardless of the particular facts presented.

Accordingly, Appellee Gonzales', Montoya's, and Palacios' obligations under the pre-*Roe* laws remain general in nature, no different from their overarching duty to enforce all Texas criminal laws. If anything, the duty to enforce the pre-Roe laws is lessened considerably by this Court's decision that the pre-*Roe* laws have

been effectively repealed and by the Texas appellate court cases holding them to be unenforceable. *See McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004); *Dickson v. Afiya Ctr.*, 636 S.W.3d 247, 263 (Tex. App.—Dallas 2021), reversed on other grounds, *Lilith Fund for Reproductive Equity v. Dickinson*, 662 S.W.3d 355 (Tex. 2023); *Zimmerman v. City of Austin*, 620 S.W.3d 473, 477 n.4 (Tex. App.—El Paso 2021), vacated without ruling and remanded to trial court, 658 S.W.3d 289 (Tex. 2022)[6]. A "general duty to enforce the law is insufficient" to establish an exception to sovereign immunity under *Ex parte Young*. *Texas Democratic Party I*, 978 F.3d at 181.

2. **The record contained no evidence that Appellees Gonzales, Montoya and Palacios had a demonstrated willingness to enforce the pre-*Roe* statutes.**

The second guidepost for determining whether a sufficient connection to enforcement exists under *Ex parte Young* is whether the official in question has a "demonstrated willingness" to enforce the challenged statute. *Scott*, 28 F.4th at 672 (citation omitted). This requires that "the state official must have taken some step to enforce" the statute. *Tex. Democratic Party I*, 961 F.3d at 401. It is critical to the *Ex parte Young* analysis that the defendant state official is threatening to enforce an unconstitutional state law against the plaintiff.

[6] On October 21, 2024, the defendants filed an amended motion to dismiss Zimmerman's claims in the trial court, but no substantive activity has occurred since that date.

As the Fifth Circuit explained in *Ogg*, courts assess whether an official has demonstrated such willingness by examining the official's "prior or contemporaneous *affirmative* acts." *Ogg*, 105 F.4th at 330 (emphasis added). In other words, there must be at least "'some scintilla' of affirmative action by the state official." *Tex. Democratic Party I*, 961 F.3d at 401. This requirement may be satisfied, for example, through evidence of past enforcement of the challenged statute. *See Air Evac EMS, Inc. v. LeBlanc*, 851 F.3d 507, 519 (5th Cir. 2017).

"Although an actual threat of or imminent enforcement is not required, *some affirmative action* on the part of the named defendant is." *Ogg*, 105 F.4th at 330-31 (cleaned up) (citing *Calhoun*, 78 F.4th at 851 (emphasis added); *Texas Democratic Party I*, 961 F.3d at 401)). As explained in *Healthy Vision Association*, "we have not imposed upon plaintiffs the insuperable obstacle of proving the future as if it has already been observed; ***we have merely asked them for an evidence-based forecast***." *See Ogg*, 105 F.4th at 329 (emphasis added). Of necessity in such a situation, circumstantial evidence will do. A plaintiff thus has only to provide "some scintilla" of an indication that a defendant official is willing to enforce the challenged statute in order that such ultra vires action may be reasonably anticipated and restrained. *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 398 (5th Cir. 2025).

Furthermore, "a failure to disavow future prosecutions . . . is not fatal to [an official's] claim of Eleventh Amendment immunity." *Id*. at 331 (quoting *Minnesota RFL Repub. Farmer Lab. Caucus v. Freeman*, 33 F.4th 985, 992 (8th Cir. 2022)).

Thus, whatever the precise quantum of conduct required, mere inaction is insufficient to establish a demonstrated willingness to enforce a criminal statute. Here, Appellants relied solely on the alleged inaction of Appellees Gonzales, Montoya, and Palacios, which is plainly inadequate to establish the requisite connection to enforcement under *Ex parte Young*.

Appellants presented *no evidence* that Appellees Gonzales, Montoya, and Palacios have prosecuted – or threatened to prosecute – any individual for violations of the pre-*Roe* statutes. Instead, Appellants relied solely on allegations of *inaction*. Specifically, Appellants contend that, in March 2023, Appellees Gonzales, Montoya and Palacios failed to respond to a letter requesting confirmation that they would not investigate or prosecute Appellants for facilitating out-of-state abortions. ROA.25-50563.5564; ROA.25-50563.5569; ROA.25-50563.5599. Appellants further asserted in their Motion for Partial Summary Judgment that Appellees, through counsel, objected to and did not respond to discovery requests seeking each Appellee's legal opinion regarding the legality of Appellants' proposed conduct. ROA.25-50563.17246.

These allegations, however, reflected only *inaction* – not affirmative conduct. As such, they were insufficient to establish that Appellees Gonzales, Montoya and Palacios each demonstrated a willingness to enforce the pre-*Roe* statutes against Appellants for their desired conduct of facilitating out-of-state abortions. None of Appellants' authorities support the premise that the absolute lack of action or expression of intent to enforce a criminal statute satisfies the requirement of affirmative action by Appellees Gonzales, Montoya, and Palacios. Accordingly, Appellants have failed to identify any genuine issue of material fact concerning Appellee Gonzales', Montoya's, and Palacios; express willingness to enforce the pre-*Roe* Statutes.

Appellants improperly relied on statements and conduct attributed to Texas Attorney General Ken Paxton and other state officials, including members of the Texas Legislature, to claim a threat of prosecution from Appellees. ROA.25-50563.5554-5560; ROA.25-50563.5595-5598; ROA.25-50563.5600-5602; Appellant's Brief at pgs. 16-17. *Ogg* makes it clear that Appellants cannot rely upon the mere assumption that Appellees Gonzales, Montoya and Palacios are likely to be influenced by the Texas Attorney General or other state officials to enforce the challenged statutes:

> "First, as noted, our focus is on Ogg's actions, not those of other officials. Second, the Plaintiffs' arguments not only assume the Attorney General … will attempt to influence Ogg, but also assume she will be influenced. The

> *Stephens* court explained that the Texas Constitution 'mandates a vertical separation of powers between the Attorney General and the district attorneys in matters of criminal prosecution.' [*State v.] Stephens*, 663 S.W.3d [45] at 50 [(Tex. Crim. App. 2021)]. It would violate this separation of powers for the Attorney General … to exercise undue influence over Ogg's prosecutorial discretion. *Id*. We will not presume such a violation."

*Ogg*, 105 F4th at 331. The relevant inquiry focuses on the *actions* of the named officials – not those of other state actors – and courts will not presume that local prosecutors will be influenced by the Attorney General or any other state official to initiate enforcement. *Id*. Like Kim Ogg, Appellees Gonzales, Montoya and Palacios "ha[ve] taken no action with respect to the [statutes] challenged by the Plaintiffs." *Id.* at 330. In the absence of any affirmative steps to enforce the challenged statutes, Appellants have failed to demonstrate that these Appellees each possessed "a demonstrated willingness" to enforce the challenged laws.

Appellants assert that under *Ogg*, "the power of a district attorney to enforce the criminal laws is not sufficiently specific to satisfy *Ex parte Young*…" Appellant's Brief at pg. 27. Although Appellants may disagree with *Ogg*, that decision is fully consistent with the Supreme Court's ruling in *Ex parte Young*, is binding precedent, and should not be overruled because that would violate the rule of orderliness. *See*, *e.g*., *Def. Distrib. v. Platkin*, 55 F.4th 486, 495 n.10 (5th Cir. 2022) ("The rule of orderliness means that one panel of our court may not overturn another panel's decision, absent an intervening change in law, such as by statutory amendment, or the Supreme Court, or our en banc court."). Moreover, by requiring

a showing that a state official has "some connection" to enforcement and is threatening to exercise that authority through affirmative conduct, courts ensure that the defendants are not sued merely as proxies for the State itself—thereby preserving the limits imposed by the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 157.

Relying on *Speech First Inc., v. Fenves*, 979 F.3d 319 (5th Cir. 2020), Appellants contend that the mere existence of a statute gives rise to a presumption of prosecution, and Appellees are not entitled to Eleventh Amendment immunity. Appellants' brief, pg. 17. That reliance is misplaced. *Fenves* addressed the requirements for Article III standing, not the distinct inquiry under *Ex parte Young*. As the Fifth Circuit clarified in *Ogg*, "what is sufficient for standing will not necessarily establish an enforcement connection." 105 F.4th at 330. This distinction reflects the fact that the analyses for *Ex parte Young* and Article III standing, while sometimes overlapping, "are not identical." *Id*. at 329.

Moreover, because the *Ex parte Young* doctrine operates as a legal fiction that implicates state sovereignty, the Supreme Court has carefully circumscribed its scope. *Ex parte Young* and its progeny have limited the exception. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997). Accordingly, Appellants cannot rely on standing principles alone to satisfy the more demanding requirement of demonstrating a sufficient connection to enforcement under *Ex parte Young*.

Notably, in its order granting various Appellees' Motions for Summary Judgment, the district court carefully differentiated between the standing issue in *Speech First* and the *Ex parte Young* enforcement connection requirement, supported by the guideposts provided by *Ogg* related to the *Ex parte Young* exception. *Id.* at ROA.25-50563.18856, 18861. The district court easily distinguished the cases Appellants relied upon to contend the alleged "failure to disavow" enforcement by the defendant prosecutors allowed suit to move forward.

> Plaintiffs cite cases that suggest refusal to disavow enforcement is enough to bring suit, at least in the First Amendment context. (Dkt. 485, at 7 (citing *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393 (1988); *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979); *Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770 (5th Cir. 2024)). But these cases hold only that failure to disavow is enough to establish standing or to establish a case or controversy. As the Fifth Circuit has explained, the *Ex parte Young* and standing analyses are "not identical." *Ogg*, 105 F.4th at 329. What is sufficient for standing may not be sufficient for *Ex parte Young*.

*Id.* at ROA.18861. As the district court recognized, establishing a case or controversy is far different from creating a genuine issue of fact concerning a waiver of immunity under *Ex parte Young*. These distinguished cases appear again in Appellants' Brief but remain unpersuasive for the reasons cited by the district court. *See* Appellants' Brief at 11.

Appellants' assertion that Appellee Gonzales, Palacios and Montoya have failed to disavow any future prosecutions "is not fatal to [Appellee Gonzales, Palacios and Montoya] claim of Eleventh Amendment immunity." *Ogg*, 105 F.4th at

331 (quoting *Minnesota Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985, 992 (8th Cir. 2022), cert. denied, *Christian Action League of Minnesota v. Freeman*, 143 S. Ct. 304 (2022)).

The district court rightly noted that because of the pre-*Roe* laws' questionable validity, it was not surprising that prosecutors declined to answer whether they would enforce them. ROA.18861. This Court had already held that the pre-*Roe* Statutes had been repealed by implication, thereby reducing the threat of enforcement. *McCorvey*, 385 F.3d at 849. The district court also observed that the defendant prosecutors' silence about their willingness to enforce the pre-*Roe* laws in the four years since *Dobbs*, along with Appellants' inability to produce evidence of their specific willingness to enforce those laws, favored Appellees' position under the *Ogg* guideposts. ROA.18861-18862.

Ultimately, Appellants could not, as a factual or legal matter, make the requisite showing that Appellees Gonzales, Montoya, and Palacios had taken – or were likely to take—any action to enforce the challenged statutes. Instead, their claims rested on conclusory and unsupported speculation, which is insufficient to establish the necessary connection to enforcement.

**3. Appellee Gonzales', Montoya's and Palacios' conduct does not compel or constrain the Appellants.**

Having thoroughly analyzed the specific "duty to enforce" and "affirmative action" guideposts from *Ogg*, the district court offered little more on the third

guidepost. ROA.18864-18865. Nevertheless, adhering to the *Ogg* decision, it noted that '"[F]ear of prosecution' stemming from 'the existence of the challenged statutes coupled with [the defendant's] authority to prosecute criminal cases' is insufficient to show constraint." ROA.25-50563.18864 (quoting *Ogg*, 105 F.4th at 332). Additionally, it noted the lack of enforcement of the Pre-*Roe* Statutes and the lack of any threat to do so made it unlikely that Appellees Gonzales, Montoya, Palacios and the other Prosecutor Defendants had "compelled or constrained" these specific Appellants. *Id*. Although the district court expressed concern about the reach of *Ogg* in limiting pre-enforcement review, it dutifully adhered to the clear guidance provided by this Court and properly granted judgment to Appellees Gonzales, Montoya, Palacios, and others. ROA.18865-18866, ROA.18872.

Appellants did not meet their burden below to demonstrate that any genuine issue of material issue existed that Appellees Gonzales, Montoya, and Palacios have acted or will in the future act in a manner that compels or constrains their conduct with respect to the challenged statutes. At best, Appellants have a "fear of prosecution" based upon the "existence of the challenged statutes, coupled with [Appellees' general] authority to prosecute criminal cases" which is insufficient to show that Appellees Gonzales, Montoya , and Palacios have constrained them. ROA.25-50563.18864. The *Ogg* guidance followed by the district court is clear: "The [*Ex parte Young*] exception permits federal courts to enjoin prospective

unconstitutional conduct by 'individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, **and** who threaten and are about to commence proceedings, either of a civil or criminal nature.'" *Ogg*, 105 F.4th at 325 (emphasis added), quoting *Ex parte Young*, 209 U.S. at 155–56.

The district court correctly observed that the prosecutor defendants "silence," "in the midst of a storm of constant claims by state officials" that the Pre-*Roe* Statutes can be enforced, was not sufficient proof of constraint. ROA.25-50563.18864-18865.

Although Appellees Gonzales, Montoya and Palacios possess discretionary authority to enforce the challenged statutes, Appellants failed to satisfy the critical second requirement. They did not identify even a scintilla of evidence that Appellees Gonzales, Montoya or Palacios threatened—or were likely to initiate—such enforcement.

Accordingly, *Ogg* is controlling, and Appellants' claims against Appellees Gonzales, Montoya and Palacios failed as a matter of law. Appellants produced no evidence demonstrating that these Appellees compelled or constrained their conduct, as required to invoke the *Ex parte Young* exception.

## CONCLUSION

In summary, Appellee Gonzales', Palacios' and Montoya's mere status as elected prosecutors, without more, was insufficient to make a proper claim to the *Ex parte Young* exception. *See Ogg*, 105 F.4th at 327 (explaining the insufficiency of a "specific duty" to prosecute local crime to meet the "connection requirement" in *Young* and explaining that to find otherwise "would make district attorneys the proper defendants in challenges to *all* criminal statutes categorically." (emphasis in original)). By requiring a showing that a state official has "some connection" to enforcement and is threatening to exercise that authority through affirmative conduct, courts ensure that the defendants are not sued merely as proxies for the State itself, thereby preserving the limits imposed by the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 157. The district court correctly applied controlling precedent from this Court and the United States Supreme Court in finding that the *Ex parte Young* exception to immunity did not apply and granting judgment for Appellees Gonzales, Montoya, and Palacios, and the other prosecutor defendants below.

## PRAYER FOR RELIEF

For the reasons and authorities asserted herein Appellees Bexar County Criminal District Attorney Joe Gonzales, El Paso and Hudspeth County District Attorney James Montoya, and Hidalgo County District Attorney Toribio "Terry"

Palacios pray that the Court affirm the dismissal of Appellants' claims against them and for such other and further relief herein as may be appropriate.

Respectfully submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

By: /s/ Lisa V. Cubriel
LISA V. CUBRIEL
Bar No. 24045731
Lisa.Cubriel@bexar.org
ROBERT W. PIATT III
Bar No. 24041692
Robert.Piatt@bexar.org
Assistant District Attorneys,
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Facsimile: (210) 335-2773
*Attorneys for Appellee Joe Gonzales*

CHRISTINA SANCHEZ
EL PASO COUNTY ATTORNEY
320 S. Campbell St., Suite 200
El Paso, Texas 79901
Telephone: (915) 273-3238
Telecopier: (915) 546-2133

BY: /s/ *John E. Untereker*
JOHN E. UNTEREKER
Assistant County Attorney
Texas Bar No. 24080627
Email: j.untereker@epcountytx.gov
*Attorneys for Appellee James Montoya*

TORIBIO "TERRY" PALACIOS

CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY, TEXAS

*/s/ Leigh Ann Tognetti*
Victor M. Garza
Assistant District Attorney
Texas Bar No. 24029568
victor.garza@da.co.hidalgo.tx.us
Leigh Ann Tognetti
Assistant District Attorney
Texas Bar No. 24083975
leigh.tognetti@da.co.hidalgo.tx.us
100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609
Fax: (956) 318-2301
*Attorneys for Appellee Toribio "Terry" Palacios*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 27, 2026, an electronic copy of the foregoing was filed with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit, using the appellate CM/ECF system. I further certify that service will be accomplished by the appellate CM/ECF system on all parties in the case represented by counsel, who are registered CM/ECF users.

/s/ *Lisa V. Cubriel*
LISA V. CUBRIEL
Assistant District Attorney
*Attorney for Appellee Joe Gonzales*

/s/ *John E. Untereker*
JOHN E. UNTEREKER
Assistant County Attorney
*Attorney for Appellee James Montoya*

/s/ *Leigh Ann Tognetti*
LEIGH ANN TOGNETTI
Assistant District Attorney
Attorney for Appellee Toribio "Terry" Palacios

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains no more than 6,392 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point, Times New Roman font.

Dated: April 27, 2026

/s/ *Lisa V. Cubriel*
LISA V. CUBRIEL
Assistant District Attorney
*Attorney for Appellee Joe Gonzales*

/s/ *John E. Untereker*
JOHN E. UNTEREKER
Assistant County Attorney
*Attorney for Appellee James Montoya*

/s/ *Leigh Ann Tognetti*
LEIGH ANN TOGNETTI
Assistant District Attorney
Attorney for Appellee Toribio "Terry" Palacios