**No. 25-50563**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

FUND TEXAS CHOICE; NORTH TEXAS EQUAL ACCESS FUND; LILITH FUND FOR REPRODUCTIVE EQUITY; FRONTERA FUND; JANE'S DUE PROCESS; CLINIC ACCESS SUPPORT NETWORK; GHAZALEH MOAYEDI; BUCKLE BUNNIES FUND,
*Plaintiffs-Appellants*

v.

RICHARD E. GLASER; SUSAN R. DESKI; JULIE RENKEN; WILEY B. MCAFEE; JOSE GARZA, FRED H. WEBER; JOE GONZALES; TORIBIO PALACIOS; K. SUNSHINE STANEK; GOCHA ALLEN RAMIREZ; ORI T. WHITE; RYAN SINCLAIR; JACOB PUTMAN; JAMES MONTOYA
*Defendants-Appellees*

---

On Appeal from the United States District Court
for the Western District of Texas, Austin Division
Civil Action No. 1:22-cv-859-RP

---

**BRIEF OF APPELLEE GOCHA ALLEN RAMIREZ**

---

GOCHA ALLEN RAMIREZ
Criminal District Attorney
Starr County

By: /s/ Cynthia G. Gutierrez
CYNTHIA G. GUTIERREZ
Bar No. 08640550
cynthia@ccglaw.net
1302 S. 10th Ave.
Edinburg, Texas 78539

Telephone: 9956) 683-0057
Facsimile: (956) 683-0059
Attorneys for Appellee Gocha Allen Ramirez

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellants:** | **Counsel:** |
|---|---|
| Fund Texas Choice<br>North Texas Access Fund<br>Lilith Fund for Reproductive Equity<br>Frontera Fund<br>Jane's Due Process<br>Clinic Access Support Network<br>Ghazaleh Moayedi<br>Buckle Bunnies Fund | Elizabeth Myers<br>John P. Atkins<br>Allyn Jaqua Lowell<br>Jennifer R. Ecklund<br>Thompson Coburn, L.L.P.<br>2100 Ross Avenue, Suite 3200<br>Dallas, Texas 75201<br>emyers@thompsoncoburn.com<br>jatkins@thompsoncoburn.com<br>alowell@thompsoncoburn.com<br>jecklund@thompsoncoburn.com |

| **Appellees:** | **Counsel:** |
|---|---|
| Richard E. Glaser, in his official capacity of District Attorney of Fannin County, Texas<br><br>Susan R. Deski, in her official capacity of County Attorney for Burleson County, Texas | Jason Eric Magee<br>Allison, Bass & Magee, L.L.P.<br>1301 Nueces Street, Suite 201<br>Austin, Texas 78701<br>e.magee@allison-bass.com |

| | |
|---|---|
| Julie Renken, in her official capacity of District Attorney for Washington, County, Texas<br><br>Wiley B. "Sonny" McAfee, in his official capacity of District Attorney for Blanco, Burnet, Llano, and San Saba Counties, Texas<br><br>Fred H. Weber, in his official capacity of District Attorney for Caldwell County, Texas<br><br>Ryan Sinclair, in his official capacity of District Attorney of Hood County, Texas | |
| Jose Garza, in his official capacity of District Attorney of Travis County, Texas | Cynthia Wilson Veidt<br>Elaine Casas<br>Leslie Wood Dippel<br>Travis County Attorney's Office<br>P.O. Box 1748<br>Austin, Texas 78767<br>Cynthia.Veidt@traviscountytx.gov<br>Elaine.casas@traviscountytx.gov<br>Leslie.dippel@traviscountytx.gov |
| Joe Gonzales, in his official capacity of District Attorney for Bexar County, Texas | Lisa Violet Cubriel<br>Robert William Piatt III<br>Bexar County District Attorney's Office<br>101 W. Nueva Street, 7th Floor<br>San Antonio, Texas 78205<br>Lisa.Cubriel@bexar.org<br>Robert.piatt@bexar.orh |
| Toribio Palacios, in his official capacity of District Attorney for Hildago County, Texas | Victor Manuel Garza<br>Leigh Ann Tognetti<br>Hidalgo County District Attorney's Office<br>100 S. Closner, Suite 103 |

| | |
|---|---|
| | Edinburg, Texas 78539<br>Victor.Garza@da.co.hidalgo.tx.us<br>Leigh.Tognetti@da.co.hidalgo.tx.us |
| K. Sunshine Stanek, in her official capacity of District Attorney of Lubbock County, Texas | Heather Gebellin Hacker<br>Hacker Stephens, L.L.P.<br>108 Wild Basin Road, Suite 250<br>Austin, Texas 78746<br>Heather@hackerstephens.com<br><br>Jennifer K. Irlbeck<br>Lubbock County District Attorney's Office<br>P.O. Box 10536<br>Lubbock, Texas 79408<br>jirlbeck@lubbockcounty.gov |
| Gocha Allen Ramirez, in his official capacity as District Attorney of Starr County, Texas | Cynthia G. Gutierrez<br>Contreras Gutierrez & Associates<br>1302 S. 10th Avenue<br>Edinburg, Texas 78539<br>cynthia@ccglaw.net |
| Ori T. White, in his official capacity of District Attorney of Pecos County, Texas | |
| Jacob Putnam, in his official capacity of District Attorney of Smith County, Texas | Heather Gebellin Hacker<br>Hacker Stephens, L.L.P.<br>108 Wild Basin Road, Suite 250<br>Austin, Texas 78746<br>Heather@hackerstephens.com |
| James Montoya, in his official capacity of District Attorney of El Paso County, Texas | John E. Untereker<br>El Paso County Attorney's Office<br>320 S. Campbell Street, Suite 200<br>El Paso. Texas 79901<br>j.untereker@epcountytx.gov |

/s/ Cynthia G. Gutierrez
CYNTHIA G. GUTIERREZ
Attorney for Defendant-Appellee Starr County District Attorney Gocha Allen Ramirez

## STATEMENT REGARDING ORAL ARGUMENT

Gocha Allen Ramirez, pursuant to Local Rule 28.2.3, is not requesting oral argument in this appeal. The record fully sets forth the factual and legal issues, which are not complex. The parties' appellate briefs adequately present the facts and legal argument and sufficiently analyze controlling authorities pertaining to this appeal. Thus, the parties' presentation of oral argument would not significantly aid the Court's decision-making process and is unnecessary for the Court's disposition of this appeal. Further, dispositive issues in this case have been authoritatively decided. However, if the Court sets this matter for oral argument, Appellee Gocha Allen Ramirez respectfully requests the opportunity to respond by presentation of oral argument.

## TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**............................................i-iii
**STATEMENT REGARDING ORAL ARGUMENT**.........................................v
**TABLE OF CONTENTS**........................................................................ vi
**TABLE OF AUTHORITIES**.....................................................................viii

**STATEMENT OF THE ISSUES**

The district court correctly determined that Appellants' claims against Appellee Gocha Allen Ramirez are barred by the Eleventh Amendment and the doctrine of sovereign immunity: the *Ex parte Young* exception does not apply to Appellee District Attorney Gocha Allen Ramirez because the record contains no evidence that this District Attorney took any affirmative steps to enforce or threaten to enforce Texas's pre-*Roe* statutes against Appellants for their desired conduct of facilitating out-of-state abortions.

**STATEMENT OF THE CASE**.......................................................................2
**SUMMARY OF THE ARGUMENT**...............................................................6
**STANDARD OF REVIEW**..........................................................................8
**ARGUMENT**..............................................................................................9
**CONCLUSION**.........................................................................................13
**CERTIFICATE OF SERVICE**.................................................................13
**CERTIFICATE OF COMPLIANCE**..........................................................14

## TABLE OF AUTHORITIES


Dobbs v. Jackson Women's Health Org., 142 S. Ct. 2228 (2022)…………………9

Ex Parte Ayers, 123 U.S. 443, 8 S. Ct. 163, 31 L. Ed. 216 (1887)……………….15

Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)…………13, 18

Ferraro v. Liberty Mut. Fire Ins. Co., 796 F.3d 529 (5th Cir. 2015)………………13

Mi Familia Vota v. Ogg, 105 F.4th 313 (5th Cir. 2024)……………12,15,16,17,18

Ostrewich v. Tatum, 72 F.4th 94 (5th Cir. 2023)…………………………………17

Robbins v. U.S. Bureau of Land Management, 438 F.3d 1074 (10th Cir. 2006)…15

Speech First, Inc. v. Fenves, 979 F.3d 319 (5th Cir. 2020)………………………12

State v. Stephens, 663 S.W.3d 45 (Tex. Crim. App. 2021)………………………17

Texas All. for Retired Ams. v. Scott, 28 F.4th 669 (5th Cir. 2022)………………..16

Va. Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 253 (2011)……14

Texas cases

City of Keller v. Wilson, 168 S.W.3d 802 (Tex. 2005)…………………………..14

Dickey v. Club Corp. of Am., 12 S.W.3d 172 (Tex.App.-Dallas 2000, pet. denied)……………………………………………………………………………14

JLB Builders, L.L.C. v. Hernandez, 622 S.W.3d 860 (Tex. 2021)……………….14

Federal Statues

Fed Rule of Civ. Pro 56(a)……………………………………………………..14

Texas statute

Tex Code of Crim. Proc. Art 2.01…………………………………………….....16

## STATEMENT OF ISSUE

The district court correctly determined that Appellants' claims against Appellee Gocha Allen Ramirez are barred by the Eleventh Amendment and the doctrine of sovereign immunity: the *Ex parte Young* exception does not apply to Appellee District Attorney Gocha Allen Ramriez because the record contains no evidence that this District Attorney took any affirmative steps to enforce or threaten to enforce Texas' pre-*Roe* statutes against Appellants.

## STATEMENT OF THE CASE

Appellants are several non-profit Texas abortion funds and practical support networks, and an individual physician – Appellant Moayedi, who serves as a board member on one of the non-profits – who provided funding, transportation assistance, and lodging assistance for pregnant Texans who sought abortions outside of Texas prior to the United States Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022). ROA.25-50563.5553-5554. Appellant Moayedi provided abortions for pregnant Texans prior to *Dobbs* and provided funding to assist Texans obtain abortions. ROA.25-50563.5553-5554; ROA.25-50563.5578. Appellants brought suit "to challenge any criminal prosecution of

Plaintiffs under Texas anti-abortion statutes for lawful exercise of their constitutional and statutory federal rights." ROA.25-50563.5553.

Appellants' Original Class Action Complaint for Declaratory and Injunctive Relief was initiated on August 23, 2022 against Texas Attorney General Ken Paxton; Appellee Susan R. Deski, in her official capacity as County Attorney of Burleson County, Texas and "on behalf of a class of all Texas County Attorneys similarly situated"; and Appellees Julie Renken, Wiley B. McAfee, Jose Garza, and Fred H. Weber, in their official capacities as District Attorneys of their respective jurisdictions and "on behalf of a class of all Texas District Attorneys similarly situated." ROA.25-50563.89-143.

Appellants filed a motion for temporary restraining order and preliminary injunction on August 24, 2022. ROA.25-50563.684-735.

Defendant Paxton moved to dismiss the Appellants' complaint against him for lack of jurisdiction. ROA.25-50563.852-888; ROA.25-50563.3227-3257. The district court dismissed Defendant Paxton from the suit on February 24, 2023 and granted the Appellants' request for preliminary injunctive relief, enjoining the remaining prosecutor Defendants from enforcing the pre-*Roe* statutes, which the Court held were impliedly repealed and null and void. ROA.25-50563.4237-4288.

Thereafter, Appellants filed their Second Amended Class Action Complaint for Declaratory and Injunctive Relief on April 20, 2023, naming several additional

Texas District Attorneys as Defendants, including Appellee Gocha Allen Ramirez[1]. ROA.25-50563.5581-5582. Appellee Gocha Allen Ramirez was named as a Defendant in his official capacity because of his general authority as an elected prosecutor representing the State of Texas to prosecute state-law criminal offenses within his jurisdiction: Starr County. ROA.25-50563.5581-5583.

Appellants sued Gocha Allen Ramirez individually but also sought to bring a class action comprised of "All elected District Attorneys and County Attorneys in the State of Texas who have the authority within their jurisdictions to enforce through criminal prosecutions the Pre-*Roe* Statutes." ROA.25-50563.5609. In other words, Appellants sought to bring suit against every elected prosecutor in Texas, covering each of Texas's 254 counties, regardless of the prosecutor's own statements or actions towards them.[2]

Defendant Gocha Allen Ramirez filed a Rule 12(b)(1) motion to dismiss, challenging Appellants' Article III standing because Appellants made no allegations they had suffered, or were imminently going to suffer, concrete and particularized injuries fairly traceable to Defendant Gocha Allen Ramirez's conduct. ROA.25-

[1] Appellee Montoya was automatically substituted in for former Defendant Bill D. Hicks, the previous District Attorney of Hudspeth and El Paso Counties.

[2] This reflects that Appellants were actually targeting the State of Texas itself, not the individual Appellees. *See, e.g.,* ROA.5552-5636 (Second Amended Complaint) at 5552-5553, 5609-5612, 5630.

50563.6088-6095; Gocha Allen Ramirez had not taken any affirmative steps to threaten enforcement in response to Appellants' desired conduct of facilitating out-of-state abortions. Defendant Gocha Allen Ramirez did nothing more than simply hold his elected office in his jurisdiction.

On December 21, 2023, the district court, relying on *Speech First, Inc. v. Fenves*, 979 F.3d 319, 335 (5th Cir. 2020), *as revised*, (Oct. 30, 2020), denied the motions to dismiss (ROA.25-50563.9315-9343) because Appellants did not have to show specific threats of enforcement from each prosecutor Defendant to establish Article III standing because "the threat [of enforcement] is latent in the existence of the statute" itself. ROA.25-50563.9327 (citing *Speech First*, 979 F.3d at 335). The Fifth Circuit had not yet issued its opinion in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024) when the district court decided Appellee's 12(b)(1) motion to dismiss. As the Fifth Circuit explained in *Ogg*, the *Ex parte Young* and standing analyses are "not identical," and what is sufficient for standing may not be sufficient for *Ex parte Young*. *Ogg*, 105 F.4th at 329.

On May 17, 2024, Appellants filed a Motion for Partial Summary Judgment against Appellee, asking the district court for a declaratory judgment that (1) the pre-*Roe* laws were impliedly repealed; (2) retroactive application of the pre-*Roe* laws violates due process; (3) the pre-*Roe* laws violate Appellants' constitutional rights

to travel, speech, and assembly; and (4) the pre-*Roe* laws are void for vagueness. ROA.25-50563.14768-14802.

Appellee Gocha Allen Ramirez opposed Appellants' Motion for Partial Summary Judgment. ROA.25-50563.17135-17139; Appellee Gocha Allen Ramirez asserted that Appellants' claims are barred by the Eleventh Amendment and sovereign immunity under the *Ex parte Young* test laid out by the Fifth Circuit in *Mia Familia Vota v. Ogg*. ROA.25-50563.17135-17139.

On May 23, 2025, the district court issued an order dismissing Appellee Gocha Allen Ramirez from the lawsuit because Defendant did not fall into the *Ex parte Young* exception, and the district court therefore lacked subject matter jurisdiction. ROA.25-50563.18845-18866.

This appeal followed. ROA.25-50563.18873-18875.

## SUMMARY OF THE ARGUMENT

The district court correctly denied Appellants' Motion for Partial Summary Judgment finding that the *Ex Parte Young* exception did not apply to Appellee and that Appellants' claims against Appellee Starr County District Attorney Gocha Allen Ramirez were barred by the doctrine of sovereign immunity and the Eleventh Amendment. Furthermore, the district court found that Appellants did not produce any evidence to establish that Appellee intended to enforce or threatened to enforce the pre-*Roe* laws. Following the opinion in *Mi Familia Vota v. Ogg*, 105 F.4th 313

(5th Cir. 2024) the district court reviewed the three guideposts in *Mi Familia Vota* and determined that Appellee is not a proper *Ex Parte Young* defendant.

## STANDARD OF REVIEW

Appellate courts review a summary judgment de novo and "apply the same standard as the district court." *Ferraro v. Liberty Mut. Fir Ins. Co.,* 796 F.3d 529, 531 (5th Cir. 2015). We view all facts and evidence in the light most favorable to the non-moving party." *Id.* And as per Fed. R. Civ. P. 56(a), summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Texas law also reviews a summary judgment de novo. *JLB Builders, L.L.C. v. Hernandez,*622 S.W. 3d 860 *(Tex. 2021)* We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex. App.-Dallas 2000, pet. denied). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson,* 168 S.W.3d 802, 824 (Tex. 2005).

## ARGUMENT AND AUTHORITIES

Appellants seek reversal of the district court's grant of summary judgment, but fail to identify any genuine dispute of material fact or any legal error warranting

reversal. The district court correctly applied the governing law and properly concluded that Appellee should be dismissed from the lawsuit. "Sovereign immunity is the privilege of the sovereign to be sued without its consent." *Va. Office for Protection & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011). The Eleventh Amendment confirms the principle of sovereign immunity which provides that generally states and state agencies are immune from suit. *Id.* If sovereign immunity applies, then the court does not have subject matter jurisdiction, thereby shielding states from suit. *Robbins vs. U.S. Bureau of Land Management,* 438 F. 3d 1074, 1080 (10th Cir. 2006). *Mi Familia Vota vs. Ogg*, 105 F.4th 313 (5th Cir. 2024) involved a suit brought by various voter rights advocacy groups against the Harris County District Attorney challenging the changes made to the Texas election code. "This court held that '[t]he very object and purpose of the Eleventh Amendment were to prevent the indignity of subjecting a [S]tate to the coercive process of judicial tribunals at the instance of private parties. *Id* at 325 *citing Ex Parte Ayers,* 123 U.S. 443, 505, 8 S. Ct. 163, 31 L. Ed. 216 (1887).

Furthermore, this court discussed the exception to the Eleventh Amendment and sovereign immunity that "[t]he exception permits federal courts to enjoin prospective unconstitutional conduct by 'individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal

nature.'" *Mi Familia Vota,* 105 F.4th 313, 325 (5th Cir. 2024) *citing Ex Parte Young,* 209 U.S. 123, 155-156, 28 S. Ct. 441, 52 L. Ed. 714 (1908). And in its analysis of whether the Harris County District Attorney was protected by the doctrine of sovereign immunity, this court addressed the issue by discussing the three guideposts used in such analysis. "They are: (1) the state official has 'more than the general duty to see that the laws of the state are implemented,' i.e., a 'particular duty to enforce the statute in question'; (2) the state official has 'a demonstrated willingness to exercise that duty' and (3) the state official, through her conduct, 'compel[s] or constrain[s persons] to obey the challenged law.' *Mi Familia Vota,* 105 F.4th 313, 325 (5th Cir. 2024) *citing Texas All. for Retired Ams. v. Scott,* 28 F.4th 669, 672 (5th Cir. 2022). This court found for Ogg on all of these three grounds.

First, this court found that while Ogg had authority to enforce the SB1 criminal provisions, she had no particular duty to enforce them. "Here, Ogg has discretionary authority to bring criminal prosecutions within her jurisdiction, including for violations of the Texas Election Code. This authority is not derived from that code itself but is rooted in the Texas constitution. Ogg has a general duty to 'see that justice is done,' *Tex. Code Crim P. art 2.01*, but that is not enough." *Mi Familia Vota,* 105 F.4th 313, 328 (5th Cir. 2024) *citing Texas All. for Retired Ams. v. Scott,* 28 F.4th at 674. Appellee Gocha Allen Ramirez, like OGG, has the authority

to bring criminal prosecutions under SB8 but he does not have a particular duty to enforce them.

This Court also found that under the second guidepost, Ogg had not demonstrated a willingness to enforce those provisions. Ogg had argued that she would not attempt to enforce the challenged provisions until the lawsuit was concluded. *Mi Familia Vota,* 105 F.4th at 330. Appellants argued that Ogg would go ahead and enforce the challenged provisions because of the control and influence of the Texas Attorney General and the Secretary of State. "Plaintiffs' arguments not only assume the Attorney General and the Secretary of State will attempt to influence Ogg, but also assume she will be influenced. The *Stephens* court explained that the Texas constitution 'mandates a vertical separation of powers between the Attorney General and the district attorneys in matters of criminal prosecution.' *Mi Familia Vota,* 105 F.4th at 331 *citing State v. Stephens,* 663 S,W.3d 45, 50 (Tex. Crim. App, 2021). Appellants did not provide any evidence that Appellee Gocha Allen Ramirez will enforce SB8.

And finally, this Court concluded that Appellants' fear of prosecution under SB1 did not mean that Ogg had compelled them to obey the law. "Furthermore, to the extent the Plaintiffs argue Ogg's ability to *investigate* election code violations compels or constrains their conduct, that power does not rise to the level of compulsion or constraint needed…*Ostrewich,* 72 F.4th at 101. Thus the Plaintiffs

have failed to demonstrate that Ogg has acted or will likely act in a way that would compel or constrain the Plaintiffs in order to 'strip Ogg of her sovereign immunity.'" *Mi Familia Vota,* 105 F.4th at 332. Again, Appellants have not provided any evidence that Appellee Gocha Allen Ramirez compels or constrains their conduct.

The district court correctly denied Appellants' Motion for Partial Summary Judgment and found that Appellee Gocha Allen Ramirez did not waive his sovereign immunity. Additionally, the district court correctly found that there was no evidence that any of the exceptions to immunity under the Eleventh Amendment applied to Appellee Gocha Allen Ramirez.

## CONCLUSION

Appellee Gocha Allen Ramirez states that Appellants' claims against him are barred by the doctrine of sovereign immunity and the Eleventh Amendment pursuant to the *Ex Parte Young* test as set out in *Mi Familia Vota,* 105 F.4th at 325. Appellants failed to produce any evidence in their Motion for Partial Summary Judgment to support their argument that the *Ex Parte Young* exception applies to Appellee Gocha Allen Ramirez. Using *Mi Familia Vota v. Ogg,* the district court correctly applied the *three guide posts to find* that Appellee Gocha Allen Ramirez is not a proper *Ex Parte Young* defendant.

## CONCLUSION AND PRAYER FOR RELIEF

Based on the foregoing arguments and authorities as stated above, Appellee Gocha Allen Ramirez prays that this court uphold the dismissal of the Appellants' Partial Motion for Summary Judgment and for such other and further relief to which Appellee Gocha Allen Ramirez may be entitled to.

Respectfully submitted,

By: /s/ Cynthia G. Gutierrez
CYNTHIA G. GUTIERREZ
Bar No. 08640550
cynthia@ccglaw.net
1302 S. 10th Ave.
Edinburg, Texas 78539
Telephone: 9956) 683-0057
Facsimile: (956) 683-0059
Attorneys for Appellee Gocha Allen Ramirez

## CERTIFICATE OF SERVICE

I certify that on April 29, 2026, the foregoing document was served, via the Court's CM/ECF Document Filing System in compliance with Rules 25(b) and (c) of the Federal Rules of Appellate Procedure, upon the following registered CM/ECF users:

Elizabeth Myers
John P. Atkins
Allyn Jaqua Lowell
Jenifer R. Ecklund
Thompson Coburn, L.L.P.
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Counsel for
Fund Texas Choice
North Texas Access Fund
Lilith Fund for Reproductive Equity
Frontera Fund
Jane's Due Process
Clinic Access Support Network
Ghazaleh Moayedi
Buckle Bunnies Fund

Jason Eric Magee
Allison, Bass & Magee, L.L.P.
1301 Nueces Street, Suite 201
Austin, Texas 78701
Counsel for:
Richard E. Glaser, in his official capacity of District Attorney of Fannin County Texas
Susan R. Deski, in her official capacity of County Attorney for Burleson County, Texas
Julie Renken, in her official capacity of District Attorney for Washington County, Texas
Wiley B. "Sonny" McAfee, in his official capacity of District Attorney for Blanco, Burnet, Llano, and San Saba Counties, Texas
Ryan Sinclair, in his official capacity of District Attorney of Hood County, Texas

Cynthia Wilson Veidt
Elaine Casas
Leslie Wood Dippel
Travis County Attorney's Office
P. O. Box 1748
Austin, Texas 78767
Counsel for:
Jose Garza, in his official capacity of District Attorney of Travis County, Texas

Lisa Violet Cubriel
Robert William Piatt III
Bexar County District Attorney's Office
101 W. Nueva Street, 7th Floor
San Antonio, Texas 78205
Counsel for:
Joe Gonzales, in his official capacity of District Attorney for Bexar County, Texas

Victor Manuel Garza
Leigh Ann Tognetti
Hidalgo County District Attorney's Office
100 S. Closner, Suite 103
Edinburg, Texas 78539
Counsel for:
Toribio Palacios, in his official capacity of District Attorney for Hidalgo County, Texas

Heather Gebellin Hacker
Hacker Stephens, L.L.P.
108 Wild Basin Road, Suite 250
Austin, Texas 78746
Jennifer K Irlbeck
Lubbock County District Attorney's Office
P. O. Box 10536
Lubbock, Texas 79408
Counsel for K. Sunshine Stanek, in her official capacity of District Attorney of Lubbock County, Texas

Heather Gebellin Hacker
Hacker Stephens, L.L.P.
108 Wild Basin Road, Suite 250

Austin Texas 78746
Counsel for:
Jacob Putnam, in his official capacity of District Attorney of Smith County, Texas

John E. Untereker
El Paso County Attorney's Office
320 S. Campbell Street, Suite 200
El Paso, Texas 79901
Counsel for:
James Montoya, in his official capacity of District Attorney of El Paso County, Texas

/s/Cynthia Contreras Gutierrez
Cynthia Contreras Gutierrez

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains no more than 3833 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point, Times New Roman font.

Dated: April 27, 2026

/s/Cynthia Contreras Gutierrez
Cynthia Contreras Gutierrez