**CASE NO. 25-50563**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**Fund Texas Choice; North Texas Equal Access Fund; Lilith Fund for Reproductive Equity; Frontera Fund; Jane's Due Process; Clinic Access Support Network; Ghazaleh Moayedi; Buckle Bunnies Fund,**
***Plaintiffs – Appellants***
**v.**
**Richard E. Glaser; Susan R. Deski; Julie Renken; Wiley B. McAfee; Jose Garza; Fred H. Weber; Joe Gonzales; Toribio Palacios; K. Sunshine Stanek; Gocha Allen Ramirez; Ori T. White; Ryan Sinclair; Jacob Putman; James Montoya,**
***Defendants – Appellees***

Appeal from the United States District Court
Western District of Texas – Austin Division
Civil Action No. 1:22-cv-00859-RP

# BRIEF OF APPELLEE JOSÉ GARZA

**DELIA GARZA**
**TRAVIS COUNTY ATTORNEY**
P.O. Box 1748, Austin, Texas 78767
(512) 854-9513 telephone
(512) 854-4808 facsimile

By: */s/ Elaine Casas*
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ELAINE CASAS
State Bar No. 00785750
Elaine.Casas@traviscountytx.gov
CYNTHIA W. VEIDT
State Bar No. 24028092
Cynthia.Veidt@traviscountytx.gov
Assistant County Attorneys
**ATTORNEYS FOR APPELLEE JOSÉ GARZA**

**CASE NO. 25-50563**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**Fund Texas Choice; North Texas Equal Access Fund; Lilith Fund for Reproductive Equity; Frontera Fund; Jane's Due Process; Clinic Access Support Network; Ghazaleh Moayedi; Buckle Bunnies Fund,**
***Plaintiffs – Appellants***
**v.**
**Richard E. Glaser; Susan R. Deski; Julie Renken; Wiley B. McAfee; Jose Garza; Fred H. Weber; Joe Gonzales; Toribio Palacios; K. Sunshine Stanek; Gocha Allen Ramirez; Ori T. White; Ryan Sinclair; Jacob Putman; James Montoya,**
***Defendants – Appellees***

Appeal from the United States District Court
Western District of Texas – Austin Division
Civil Action No. 1:22-cv-00859-RP

---

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Local Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Appellees/Defendants in the case filed in the U.S. District Court for the Western District of Texas, Austin Division, Civil Action No. 1:22-CV-859-RP:

| **Appellees:** | **Counsel for Appellees:** |
|---|---|
| José Garza | Leslie W. Dippel, Cynthia W. Veidt, and Elaine Casas<br>Of the Travis County Attorney's Office<br>Austin, Texas |
| Julie Renken<br>Susan R. Deski<br>Wiley B. "Sonny" McAfee<br>Fred H. Weber<br>Richard E. Glaser<br>Ryan Sinclair | J. Eric Magee<br>Allison, Bass & Magee LLP<br>Austin, Texas |
| Joe Gonzales | Lisa V. Cubriel and Robert W. Piatt<br>Bexar County Criminal District Attorney's Office<br>San Antonio, Texas |
| Toribio "Terry" Palacios | Victor M. Garza and Leigh Ann Tognetti<br>Hildago County District Attorney's Office<br>Edinburg, Texas |
| K. Sunshine Stanek<br>Jacob Putman | Heather Gebelin Hacker<br>Hacker Stephens LLP<br>Austin, Texas |
| Gocha Allen Ramirez | Cynthia G. Gutierrez<br>Contreras Gutierrez & Associates<br>Edinburg, Texas |
| James Montoya | John E. Untereker<br>El Paso County Attorney's Office<br>El Paso, Texas |

Appellants/Plaintiffs in the case filed in the U.S. District Court for the Western District of Texas, Austin Division, Civil Action No. 1:22-CV-859-RP

| **Appellants:** | **Counsel for Appellants:** |
|---|---|
| Fund Texas Choice<br>Buckle Bunnies Fund<br>Clinic Access Support Network<br>Frontera Fund<br>Ghazaleh Moayedi<br>Jane's Due Process<br>Lilith Fund for Reproductive Equity | Elizabeth G. Myers<br>Allyn Jaqua Lowell<br>John Atkins<br>Jennifer R. Ecklund<br>THOMPSON COBURN LLP |

| North Texas Equal Access Fund | |
|---|---|

| **Plaintiffs / Non-Appellants[1]:** | **Counsel for Plaintiffs/Non-Appellants:** |
|---|---|
| The Afiya Center<br>West Fund | Alex Wilson Albright<br>Kevin H. Dubose<br>Kirsten M. Castañeda<br>ALEXANDER DUBOSE & JEFFERSON LLP |

By: */s/ Elaine Casas*
**ELAINE CASAS**

[1] The Afiya Center and West Fund Plaintiffs did not file a Notice of Appeal in this matter. Further, Attorneys Albright, Dubose, and Castañeda did not file an appearance with the Fifth Circuit Court of Appeals.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Local Rule 28.2.3, Appellee José Garza does not request oral argument in this appeal. The record fully sets forth the factual and legal issues, which are not complex. The parties' appellate briefs adequately present the facts and legal argument and sufficiently analyze controlling authorities pertaining to this appeal. Thus, the parties' presentation of oral argument would not significantly aid the Court's decision-making process, and is unnecessary for the Court's disposition of this appeal. Further, dispositive issues in this case have been authoritatively decided. However, if the Court sets this matter for oral argument, Appellee Garza requests the opportunity to respond by presentation of oral argument.

**TABLE OF CONTENTS**

Page(s)

CERTIFICATE OF INTERESTED PERSONS ..... i
STATEMENT REGARDING ORAL ARGUMENT ..... iv
TABLE OF CONTENTS ..... v
TABLE OF AUTHORITIES ..... vi
STATEMENT OF ISSUES PRESENTED FOR REVIEW ..... 1
STATEMENT OF THE CASE ..... 2
SUMMARY OF ARGUMENT ..... 4
STANDARD OF REVIEW ..... 6
ARGUMENT AND AUTHORITIES ..... 7

A. The District Court Correctly Granted Summary Judgment for Appellee Garza ..... 7
B. The District Court Properly Applied this Court's Decision in *Ogg* ..... 14
   1. Appellants Created No Genuine Issue on the Existence of a Particular Duty to Enforce the Pre-*Roe* Statutes ..... 14
   2. Appellants Did Not Present More Than a Scintilla of Affirmative Action by Appellee Garza to Enforce the Pre-*Roe* Statutes ..... 18
   3. Appellants Created No Genuine Issue That They Were Compelled or Constrained by Appellee Garza ..... 23
C. The District Court Correctly Decided the Immunity Issue as a Matter of Law ..... 25

CONCLUSION AND PRAYER FOR RELIEF ..... 29
CERTIFICATE OF SERVICE ..... 31
CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a) ..... 32

## TABLE OF AUTHORITIES

Page(s)

Cases

*Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*,
851 F.3d 507 (5th Cir. 2017)....................12
*Armstrong v. State*,
850 S.W.2d 230 (Tex. App. 1993)....................17
*Babbitt v. United Farm Workers Nat'l Union*,
442 U.S. 289 (1979)....................11
*Book People, Inc. v. Wong*,
91 F.4th 318 (5th Cir. 2024)....................21
*Bordenkircher v. Hayes*,
434 U.S. 357 (1978)....................15
*Calhoun v. Collier*,
78 F.4th 846 (5th Cir. 2023).................... 7, 9, 18
*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................6
*City of Austin v. Paxton*,
943 F.3d 993 (5th Cir. 2019).................... 26, 28
*Computer & Commc'ns Indus. Ass'n v. Paxton*,
747 F. Supp. 3d 1011 (W.D. Tex. 2024).................... 14, 16
*Daigle v. Gulf State Utils. Co.*,
794 F.2d 974 (5th Cir. 1986)....................25
*Davidson v. Fairchild Controls Corp.*,
882 F.3d 180 (5th Cir. 2018)....................6, 7
*DeSpain v. Johnston*,
731 F.2d 1171 (5th Cir. 1984)....................8
*Dickson v. Afiya Ctr.*,
636 S.W.3d 247 (Tex. App.—Dallas 2021)....................17
*Edmiston v. Borrego*,
75 F.4th 551 (5th Cir. 2023)....................6
*Esteves v. Brock*,
106 F.3d 674 (5th Cir. 1997)....................8
*Ex parte Aparicio*,
707 S.W.3d 189 (Tex. Crim. App. 2024)....................15

*Ex parte Lewis*,
587 S.W.2d 697 (Tex. Crim. App. 1979)....................................................16
*Ex parte Young*,
209 U.S. 123 (1908)........................................................... 24, 25, 26, 29
*Farmer Lab. Caucus v. Freeman*,
33 F.4th 985 (8th Cir. 2022) ..........................................................................22
*Favela v. Collier*,
91 F.4th 1210 (5th Cir. 2024) ..........................................................................6
*Hafer v. Melo*,
502 U.S. 21 (1991) .........................................................................................25
*Healthy Vision Ass'n v. Abbott*,
138 F.4th 385 (5th Cir. 2025) .........................................................................15
*In re Paxton*,
60 F.4th 252 (5th Cir. 2023) ..........................................................................22
*McCorvey v. Hill*,
385 F.3d 846 (5th Cir. 2004)..................................................................... 13, 17
*McGruder v. Will*,
204 F.3d 220 (5th Cir. 2000)............................................................................7
*Nat'l Press Photographers Ass'n v. McCraw*,
90 F.4th 770 (5th Cir. 2024) ........................................................... 11, 16, 20
*Neal v. State*,
150 S.W.3d 169 (Tex. Crim. App. 2004)........................................................15
*Mi Familia Vota v. Ogg*,
105 F.4th 313 (5th Cir. 2024) ................................................................ passim
*Oliver v. Scott*,
276 F.3d 736 (5th Cir. 2002).............................................................................8
*Pace v. Bogalusa City Sch. Bd.*,
403 F.3d 272 (5th Cir. 2005).............................................................................8
*Papasan v. Allain*,
478 U.S. 265 (1986) ..........................................................................................9
*Pennhurst State School & Hosp. v. Halderman*,
465 U.S. 89 (1984) ............................................................................................9
*Def. Distrib. v. Platkin*,
55 F.4th 486 (5th Cir. 2022) .............................................................................6
*Port Auth. Trans-Hudson Corp. v. Feeney*,
495 U.S. 299 (1990) ........................................................................................25
*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
506 U.S. 139 (1993) ..........................................................................................7
*Quinn v. Roach*,
326 F. App'x 280 (5th Cir. 2009) .....................................................................8

*Seminole Tribe of Fla. v. Fla.*,
517 U.S. 44 (1996) .......................................................................................26
*Sessions v. Rusk State Hosp.*,
648 F.2d 1066 (5th Cir. 981)...........................................................................8
*Sossamon v. Tex.*,
563 U.S. 277 (2011) .......................................................................................26
*Speech First, Inc. v. Fenves*,
979 F.3d 319 (5th Cir. 2020)................................................................... 10, 11
*State v. Malone Serv. Co.*,
829 S.W.2d 763 (Tex.1992)...........................................................................15
*Tennessee v. Lane,*
541 U.S. 509 (2004) .........................................................................................8
*Tex. Democratic Party v. Abbott*,
961 F.3d 389 (5th Cir. 2020)......................................................... 4, 12, 18, 25
*Texas All. for Retired Ams. v. Scott*,
28 F.4th 669 (5th Cir. 2022) ..................................................................... 4, 5, 27
*Texas Democratic Party v. Abbott*,
978 F.3d 168(5th Cir. 2020)..................................................................... 17, 26
*Umphress v. Hall*,
133 F.4th 455 (5th Cir. 2025) .........................................................................20
*United States v. Morrison*,
529 U.S. 598 (2000) .........................................................................................8
*Virginia v. Am. Booksellers Ass'n*,
484 U.S. 383 (1988).................................................................................. 11, 19
*Wayte v. United States*,
470 U.S. 598 (1985)........................................................................................15
*West v. Clark*,
A-15-CV-0695-SS-ML, 2015 WL 7571944 (W.D. Tex.—Austin Nov. 23, 2015)
.........................................................................................................................9
*Whole Woman's Health v. Jackson,*
595 U.S. 30 (2021) .........................................................................................28
*Will v. Michigan Dept. of State Police*,
491 U.S. 58 (1989) ...........................................................................................8
*Williams ex rel. J.E. v. Reeves*,
954 F.3d 729 (5th Cir. 2020)............................................................................9
*Williams v. Needles*,
1:23-CV-00341-RP-SH, 2023 WL 3029278 (W.D. Tex. Apr. 20, 2023) ..............7
*Zimmerman v. City of Austin*,
620 S.W.3d 473 (Tex. App.—El Paso 2021)......................................................17

Statutes

Tex. Code Crim. Proc. art. 2A.101 ....................................................................16
Tex. Code Crim. Proc. art. 2A.101(a)...................................................................3
Tex. Code Crim. Proc. art. 2A.102 ....................................................................25
Tex. Const. art. V, sec. 21 ..............................................................................25
Tex. Loc. Gov't Code § 87.011(3)(B) ..........................................................3, 16
Title 42 United States Code Section 1983 ...........................................................8

Rules

Fed. R. App. P. 28 ........................................................................................1, 2
Fed. R. App. P. 32 ..........................................................................................32
Fed. R. Civ. P. 56 ..........................................................................................6, 7

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Appellee José Garza, pursuant to Federal Rule of Appellate Procedure 28(b)(2), agrees with the statement of the issues contained in the Opening Brief of Appellants except for the conditional statements following "when," not all of which find support in the appellate record or below. The proper statement of the issue is limited to "Whether sovereign immunity bars Appellants' claims against Appellees challenging the constitutionality of the pre-*Roe* criminal abortion statutes ("Pre-*Roe* Statutes,") as stated in opening line of Appellants' Statement of the Issues Presented for Review. Appellants' Opening Brief [Dkt. 60] at 12 (hereinafter "Appellants' Brief").

**TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:**

NOW COMES Appellee Travis County District Attorney José Garza ("Appellee Garza") and files his Brief in Response to Appellants' Brief. Appellee Garza respectfully requests that this Court affirm the district court's order granting Appellee Garza's Motion for Summary Judgment and dismissing Appellants' claims against him, as well as the district court's final judgment. ROA.18845-18866, ROA.18872.

## STATEMENT OF THE CASE

Appellants' operative pleading is their Second Amended Complaint. ROA.5552-5962. Although Appellants filed a Third Amended Complaint (ROA.16379-16457 (without exhibits)) that pleading was stricken by the district court's order dated August 8, 2024 (ROA.17481-17483).

Pursuant to Federal Rule of Appellate Procedure 28(b)(3), Appellee Garza disagrees with the Statement of the Case provided by Appellants in the following particulars. Appellee Garza agrees that the record contains evidence of some legislative or Attorney General comments concerning enforceability of the Pre-*Roe* Statutes, but disagrees that the record establishes such sources "repeatedly" claimed such "effective" status. Appellants' Brief [Dkt. 60] at 3.

Appellants contend that "some" Appellees have "made statements or taken actions affirmatively suggesting they will or must enforce these laws." *Id.* at 4.

Appellants further contend that Appellee Garza has made specific statements indicating that he will enforce the Pre-*Roe* Statutes. *Id*. at 11-12, 21, 25. Appellee Garza has done neither, and the record is devoid of evidence regarding such a statement of intent or any similar affirmative action by Appellee Garza, and more particularly none that would apply to these specific Appellants.

Appellee Garza also disagrees that any statute, including Tex. Loc. Gov't Code § 87.011(3)(B), specifically prohibits him "from deciding not to enforce Texas's abortion laws." *Id.* at 4. As explained by the district court in its challenged order,[2] "The law does not mandate that district attorneys prosecute every case under every criminal statute no matter the specific facts." ROA.18859. Rather, Appellee Garza's "primary duty . . . is not to convict but to see that justice is done." Tex. Code Crim. Proc. art. 2A.101(a) (formerly *Id.*, art. 2.01). This provision "clarifies that prosecutors have discretion over which cases to pursue. ROA.18859. Appellee Garza has the overarching statutory duty to use his prosecutorial discretion on a case-by-case basis to evaluate each proposed criminal charge based upon the individualized facts presented in that specific situation.

[2] On May 23, 2025, the district court issued an order granting Appellee Garza's and other defendants' motions for summary judgment and dismissed Appellee Garza from the lawsuit because none of the defendants fell into the *Ex parte Young* exception to Eleventh Amendment and sovereign immunity, and the district court therefore lacked subject matter jurisdiction. ROA.18845-18866.

Finally, Appellee Garza disagrees with Appellants' contention that the district court "held" an action "would *only* be available if and when a district attorney took enforcement action against one of them or directly threatened to do so, creating a condition precedent that effectively eliminates pre-enforcement review of criminal statutes altogether." Appellants' Brief [Dkt. 60] at 4-5 (emphasis added). On the contrary, the district court noted the potential of *Ogg* to "severely limit" pre-enforcement review while also noting, "Though the Court agrees that a clear refusal to disavow enforcement can constitute an affirmative act *in certain circumstances*, the Court declines to find affirmative acts *on the facts here*. ROA.18861 (emphasis added). The district court specifically held that Appellants' reliance on cases in which the mere failure to disavow was enough to establish standing, but may not meet the test under *Ex parte Young* because the two analyses are not identical. *Id.* (citing *Ogg*, 105 F.4th at 329).

## <u>SUMMARY OF ARGUMENT</u>

The district court properly followed this Court's ruling in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024). The Fifth Circuit identified three "guideposts" to assist district courts in determining what constitutes a sufficient connection to enforcement of a challenged law to determine whether a state official is a proper defendant under *Ex parte Young*. *Ogg*, 105 F.4th at 315; *see also Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 n.21 (5th Cir. 2020) and *Texas All. for Retired*

*Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022). These guideposts require that: (1) the state official has "more than the general duty to see that the laws of the state are implemented," *i.e.*, a "particular duty to enforce the statute in question"; (2) the state official has "a demonstrated willingness to exercise that duty"; and (3) the state official, through their conduct, "compel[s] or constrain[s persons] to obey the challenged law." *Ogg*, 105 F.4th at 325, quoting *Scott*, 28 F.4th at 672.

The record in this case is devoid of the evidence necessary to support Appellants' burden of proof below to show that a material fact issue remained about whether Appellee Garza – rather than the Attorney General, members of the Texas Legislature, and/or other prosecutors – had himself demonstrated an intent to enforce the Pre-*Roe* Statutes,[3] or that Appellee Garza had acted or would likely act in a way that would compel or constrain the Appellants, as would be required to strip Appellee Garza of his Eleventh Amendment and sovereign immunity. *Ogg*, 105 F.4th at 332-33. Pursuant to *Ogg*, Appellants' claims against Appellee Garza are barred by Appellee Garza's Eleventh Amendment and sovereign immunity because their allegations did not provide any basis to assert the *Ex parte Young* exception to the Eleventh Amendment's general rule precluding suits against state officials in

---

[3] The district court further noted that the Supreme Court has determined that these Pre-*Roe* Statutes were unconstitutional, this Honorable Court of Appeals held in 2004 that these statutes had been repealed by implication, and two Texas courts have held that they are unenforceable. ROA.18847-18848. In light of the pre-*Roe* laws' uncertain status, the district court properly determined that mere failure to disavow enforcement does not amount to evidence of a willingness to enforce. ROA.18861.

their official capacities. The district court properly granted Appellee Garza's Motion for Summary Judgment (ROA.18427-18262) pursuant to Federal Rule of Civil Procedure 56 on all of Appellants' claims. ROA.18845-18866.

Appellants did not present evidence supporting their assertion that their rights, as protected by the U.S. Constitution, were violated by Appellee Garza and their claims remain barred by Eleventh Amendment immunity and sovereign immunity in accordance with recent Fifth Circuit precedent in *Ogg*. The district court properly rejected Appellants' arguments that *Ogg* is not compatible with more recent opinions from this Honorable Court (ROA.18857-18858), and this Honorable Court should similarly reject Appellants' arguments under the rule of orderliness.[4]

## STANDARD OF REVIEW

Appellants' Brief appears to contain no statement of the standard of review on appeal. The standard of review on summary judgment is *de novo*. *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024) citing *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018). "When a party moves for summary judgment on an issue where that party bears the ultimate burden of proof, it must establish a prima facie case with admissible evidence." *Id*. citing *Celotex Corp. v.*

[4] *E.g., Def. Distrib. v. Platkin*, 55 F.4th 486, 495 n.10 (5th Cir. 2022) ("The rule of orderliness means that one panel of our court may not overturn another panel's decision, absent an intervening change in law, such as by statutory amendment, or the Supreme Court, or our en banc court." (citation omitted)); *Edmiston v. Borrego*, 75 F.4th 551, 559 (5th Cir. 2023), cert. denied sub nom. *Crandel v. Hall*, 144 S. Ct. 1002, 218 L. Ed. 2d 21 (2024).

*Catrett*, 477 U.S. 317, 323 (1986). A court should grant summary judgment where there is no genuine dispute of material fact "and the movant is entitled to judgment as a matter of law." *Davidson*, 882 F.3d at 184 (quoting Fed. R. Civ. P. 56(a)). The Court '"may affirm [summary judgment] on any grounds supported by the record.'" *Calhoun v. Collier*, 78 F.4th 846, 850 (5th Cir. 2023) as revised (Aug. 31, 2023) (quoting *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000)). Whether state defendants are entitled to sovereign immunity is a question of law, reviewed *de novo* on appeal. *Id*. at 851. "While the *Ex parte Young* doctrine is a 'necessary exception to Eleventh Amendment immunity,' the 'exception is narrow.'" *Id*. quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

## <u>ARGUMENT AND AUTHORITIES</u>

### A. The District Court Correctly Granted Summary Judgment for Appellee Garza

It was undisputed below that Appellants sued Appellee Garza in his official capacity as a prosecutor for the State of Texas for claims arising out of his *potential* enforcement of the State's criminal laws. "The Fifth Circuit has repeatedly stated that district [and county] attorneys in Texas are agents of the state when acting in their prosecutorial capacities and entitled to Eleventh Amendment immunity from monetary damages." *Williams v. Needles*, 1:23-CV-00341-RP-SH, 2023 WL 3029278, at *4 (W.D. Tex. Apr. 20, 2023), (Hightower, J.) report and

recommendation adopted, 1:23-CV-341-RP, 2023 WL 3612334 (W.D. Tex. May 23, 2023) (Pitman, J.) (citing, *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Esteves v. Brock*, 106 F.3d 674, 678 n.8 (5th Cir. 1997). Enforcing criminal laws through the "suppression of violent crime and the vindication of its victims" is a foundational aspect of state police power. *United States v. Morrison*, 529 U.S. 598, 618 (2000) ("Indeed, we can think of no better example of the police power"). Texas has a strong interest in enforcing its criminal laws. *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). A state is not a "person under Title 42 United States Code Section 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

The Eleventh Amendment immunizes states, their agencies, and state officials acting in their official capacities from "any suit in law or equity" brought in federal court absent waiver by Congress or state officials. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 2776-77 (5th Cir. 2005) (emphasis added); *Tennessee v. Lane,* 541 U.S. 509, 517 (2004). The Fifth Circuit has held that Congress did not abrogate states' immunity to suit in enacting 42 U.S.C. § 1983, and neither has Texas consented to such suits. *Sessions v. Rusk State Hosp*., 648 F.2d 1066, 1069 (5th Cir. 981); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Appellants' claims against Appellee Garza were properly dismissed because those claims were based entirely on the generalized discretionary ability to perform his duties as a state official – specifically, enforcing provisions of the Texas Penal Code by initiating and

prosecuting criminal cases on behalf of the State of Texas. *See Ogg*, 105 F.4th at 326-28; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 123-25 (1984); *West v. Clark*, 2015 WL 7571944, *2-3 (W.D. Tex.—Austin Nov. 23, 2015).

The *Ex parte Young* exception to such immunity (upon which Appellants' claims entirely depend) is '"focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past ....'" *Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023), as revised (Aug. 31, 2023) (quoting *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986)). A plaintiff must allege that the defendant is violating federal law, not simply that the defendant has done so at some point in the past. *Id*. citing *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 737 (5th Cir. 2020).[5]

Appellee Garza, along with other prosecutor defendants, had argued below that Appellants lacked Article III standing to sue because they had not pled a causal connection between their alleged injuries and any actions of the prosecutor defendants. ROA.6004-6013. In making this argument, Appellee Garza asserted there was no allegation Appellants have suffered, or imminently will suffer, a concrete and particularized injury fairly traceable to Appellee Garza's own conduct. *Id.* at ROA.6005, 6008-6011. Likewise, there was no evidence demonstrating any

[5] Even Appellants' final argument acknowledges the need for an "ongoing violation" to permit a "straightforward inquiry" into the application of immunity. (Dkt. 60, p. 28).

statements threatening any enforcement action by Appellee Garza in response to Appellants' desired conduct – facilitating out-of-state abortions. *Id.* at ROA.6005, 6008-6011 (internal citations omitted).

Appellee Garza and others further argued that credible contrary evidence showed the alleged threat of prosecution was speculative and deprived Plaintiffs of Article III standing, citing *Speech First, Inc. v. Fenves*, 979 F.3d 319, 335 (5th Cir. 2020). *Id.*. The district court, relying on the Fifth Circuit's decision in *Speech First, Inc.*, denied the prosecutor defendants' motions to dismiss. ROA.9315-9343 at 8-18; 29; *see also* ROA.18845-18866 at 18851.

In its ruling on the motions to dismiss, the district court did not yet have the benefit of the recent Fifth Circuit's opinion and holding in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024) that might have supported earlier dismissal and certainly supports the district court's granting of Appellee Garza's Motion for Summary Judgment below. ROA.18845-18866. Pursuant to *Ogg*, Appellants' claims against Appellee Garza are barred by Appellee Garza's Eleventh Amendment and sovereign immunity because Appellants' allegations do not provide any basis to assert the *Ex parte Young* exception to the Eleventh Amendment's general rule precluding suits against state officials in their official capacities, nor do the Appellants provide evidence to support any such allegation with respect to Appellee Garza's own actions. *Id.*

Notably, in its order granting various Appellees' Motions for Summary Judgment, the district court carefully differentiated between the standing issue in *Speech First* and the *Ex parte Young* enforcement connection requirement, supported by the guideposts provided by *Ogg* related to the *Ex parte Young* exception. *Id.* at ROA.18856, 18861. The district court easily distinguished the cases that Appellants relied upon to contend the alleged "failure to disavow" enforcement by the defendant prosecutors allowed suit to move forward.

> Plaintiffs cite cases that suggest refusal to disavow enforcement is enough to bring suit, at least in the First Amendment context. (Dkt. 485, at 7 (citing *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393 (1988); *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979); *Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770 (5th Cir. 2024)). But these cases hold only that failure to disavow is enough to establish standing or to establish a case or controversy. As the Fifth Circuit has explained, the *Ex parte Young* and standing analyses are "not identical." *Ogg*, 105 F.4th at 329. What is sufficient for standing may not be sufficient for *Ex parte Young*.

*Id.* at ROA.18861. As the district court recognized, establishing a case or controversy is far different that creating a genuine issue of fact concerning a waiver of immunity under *Ex parte Young*. These distinguished cases appear again in Appellants' Brief but remain unpersuasive for the reasons cited by the district court. *See* Appellants' Brief at 11.

As the Fifth Circuit explained in *Ogg*, courts examine the official's "prior or contemporaneous *affirmative* acts." *Ogg*, 105 F.4th at 330 (emphasis added). In other words, there must be at least "'some scintilla' of affirmative action by the state

official." *Tex. Democratic Party I*, 961 F.3d at 401. This requirement may be satisfied, for example, through evidence of past enforcement of the challenged statute. *See Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017).

In an attempt to bolster the insufficiency of their evidence of mere refusal to disavow enforcement, Appellants now point to Appellee Garza's defense of a removal suit in 2024 as somehow germane to their speculation about his intent. *Id.* at 12 (citing ROA.17256-17266). This history was not part of Appellants' grounds to avoid summary judgment below and has thus been waived. Nevertheless, significantly, the allegations in that removal suit argued that the alleged existence of a policy of *non*-enforcement of certain laws, specifically state jail drug possession and Texas' anti-abortion statutes, warranted removal of Appellee Garza from his office as the Travis County District Attorney. ROA.17256-17266. The State Prosecutor tasked with reviewing the petition for removal determined that Appellee Garza had prosecuted several state jail drug cases, but made no mention of any prosecutions or attempted prosecutions of anti-abortion statutes by Appellee Garza. ROA.17258, *accord* ROA.17261-17264. In short, Appellants' best evidence demonstrates that, to date, Appellee Garza has not sought to prosecute anyone, much less Appellants themselves, under the Pre-*Roe* Statutes.

Instead, the State's argument against removal of Appellee Garza from office, even as described by Appellants, emphasizes Appellee's exercise of prosecutorial discretion and the need for assessment of support for probable cause on a case-by case basis before making any charging decisions. ROA.17258, ROA.17262. Even if it had been argued below, the initiation of a removal suit premised upon anticipated *non*-enforcement, and Appellee Garza's subsequent defense explaining the need to consider each case on its own merits, hardly supports a fact issue on any present intention by Appellee Garza to prosecute the pre-*Roe* laws. Moreover, this alleged potential "willingness" to do so carries not even a "scintilla of affirmative action" as required for the *Ex parte Young* exception to apply. *Ogg*, 105 F.4th at 329.

The district court rightly noted that because of the pre-*Roe* laws' questionable validity, it was not surprising that prosecutors declined to answer whether they would enforce them. ROA.18861. This Court had already held that the Pre-*Roe* Statutes had been repealed by implication, thereby reducing the threat of enforcement. *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004). The district court also observed that the defendant prosecutors' silence about their willingness to enforce the pre-*Roe* laws in the four years since *Dobbs*, along with Appellants' inability to produce evidence of their specific willingness to enforce those laws, favored Appellee's position under the *Ogg* guideposts. ROA.18861-18862.

## B. The District Court Properly Applied this Court's Decision in *Ogg*

The District Court began its discussion granting various defendant prosecutors' dispositive motions below by citing the need for "some connection" with the enforcement of the law being challenged and this Court's elaboration in *Ogg* providing guideposts to determine *sufficient* connection. ROA.18855-18857.

### 1. Appellants Created No Genuine Issue on the Existence of a Particular Duty to Enforce the Pre-*Roe* Statutes

The first guidepost involves whether the official had a *particular* duty to enforce because "mere authority" over whether to bring criminal charges is not enough. ROA.18859, citing *Ogg*, 105 F.4th at 326.[6] "Because local prosecutors have 'complete discretion' over whether to enforce the law, they do not have the 'specific duty' required for *Ex parte Young* to apply." (ROA 25-50563.18855 [Dkt 61, p. 109-10] citing *Ogg* at 326-27). Although the district court dealt with the first guidepost correctly and efficiently, there is considerable longstanding history confirming the significance of prosecutorial discretion relevant to this appeal.

---

[6] Appellee Garza's mere status as an elected prosecutor, without more, is insufficient to make a proper claim to the *Ex parte Young* exception. *See Ogg*, 105 F.4th at 327 (explaining the insufficiency of a "specific duty" to prosecute local crime to meet the "connection requirement" in *Young* and explaining that to find otherwise "would make district attorneys the proper defendants in challenges to *all* criminal statutes categorically." (emphasis original)); *compare Computer & Commc'ns Indus. Ass'n v. Paxton*, 747 F. Supp. 3d 1011, 1026-27 (W.D. Tex. 2024) (notice of appeal filed September 13, 2024) (distinguishing the Texas Attorney General's sole and specific statutory authority for enforcement and evidence of his expressed willingness to enforce as different from the prosecutor in *Ogg*).

"Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute. Thus, '[i]f the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely within his or her discretion.'" *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) citing *State v. Malone Serv. Co.*, 829 S.W.2d 763, 769 (Tex.1992); and quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). '"[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."' *Id.*

"The Supreme Court has recognized, prosecutorial discretion is 'particularly ill-suited' for judicial review." *Ex parte Aparicio*, 707 S.W.3d 189, 203 (Tex. Crim. App. 2024), cert. denied sub nom. *Aparicio v. Texas*, 145 S. Ct. 2852 (2025) quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985). The unique nature of this discretion, that Appellants would prefer to ignore, prevents a presumption of willingness to enforce. Contrary to Appellants' argument, prosecutorial discretion simply is not comparable to the enforcement authority of the head of a state agency charged with enforcement of a managed care statute under the State Insurance Code. Appellants' Brief [Dkt. 60] at 17-21, citing *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 400 (5th Cir. 2025). This Court has recognized that heads of state agencies

(unlike independent, locally elected prosecutors) even with discretionary enforcement authority still had a particular duty, rather than general duty, to enforce state laws.[7] Given the history and breadth of prosecutorial discretion, and the distinctions in its contours, the district court would have erred in finding Appellee Garza had any "specific duty" to enforce the questionably viable pre-*Roe* laws.

Additionally, Article 2A.101 of the Texas Code of Criminal Procedure provides that "[t]he primary duty of an attorney representing the state, including a special prosecutor, is not to convict but to see that justice is done." Tex. Code. Crim. Proc. art. 2A.101 (formerly *Id.*, art. 2.01). The new version of this statute, made effective on January 1, 2025 – more than a year after Texas Local Government Code § 87.011(3)(B) took effect – confirms the Texas Legislature did not intend to eliminate prosecutorial discretion by enacting the Section 87.011(3)(B) of the Texas Local Government Code, and it does not require Texas District Attorneys to prosecute *every* filed case under *every* criminal statute, regardless of the particular facts presented. While this same rule to seek justice has existed for decades, the reenactment of it following adoption of the "removal" statute in Chapter 87, re-confirms the overarching duty of prosecutors to pursue justice. *See Ex parte Lewis*,

[7] *See Computer & Commc'ns Indus. Ass'n v. Paxton*, 747 F. Supp. 3d 1011, 1027 (W.D. Tex. 2024) citing *Natl. Press Photographers Ass'n. v. McCraw*, 90 F.4th 770, 786 (5th Cir. 2024) (finding state agency heads with discretionary enforcement power had a particular duty to enforce and noting that "[a]s heads of Texas law-enforcement agencies, [defendants] have more than just the general duty to see that the state's laws are implemented—they are directly responsible for enforcing Texas's criminal laws").

587 S.W.2d 697, 700 (Tex. Crim. App. 1979) (citing predecessor statute Code of Criminal Procedure Art. 2.01); *see also Armstrong v. State*, 850 S.W.2d 230, 234 (Tex. App. 1993), aff'd, 897 S.W.2d 361 (Tex. Crim. App. 1995) (referring to Art. 2.01 and noting the same obligations' prior appearance in Ethical Consideration 7–13).

A "general duty to enforce the law is insufficient" to establish an exception to sovereign immunity under *Ex parte Young*. *Texas Democratic Party v. Abbott*, 978 F.3d 168, 181(5th Cir. 2020) ("Texas Democratic Party II"). Accordingly, Appellee Garza's obligations under the challenged pre-*Roe* laws remain general in nature and are no different from the overarching duty to enforce all Texas criminal laws except, of course, lessened considerably by this Court's decision that the pre-*Roe* laws have been effectively repealed and the Texas appellate court cases holding them to be unenforceable. *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004); *Dickson v. Afiya Ctr.*, 636 S.W.3d 247, 263 (Tex. App.—Dallas 2021), reversed on other grounds, *Lilith Fund for Reproductive Equity v. Dickinson*, 662 S.W.3d 355 (Tex. 2023); *Zimmerman v. City of Austin*, 620 S.W.3d 473, 477 n.4 (Tex. App.—El Paso 2021), vacated without ruling and remanded to trial court, 658 S.W.3d 289 (Tex. 2022)[8].

[8] On October 21, 2024, the defendants filed an amended motion to dismiss Zimmerman's claims in the trial court, but no substantive activity has occurred since that date.

Moreover, although more relevant for the actions demonstrating "willingness to enforce" under the second prong, the *Ogg* opinion confirmed the independence of local prosecutors such as Appellee Garza. This Court rejected similar arguments that the Texas Attorney General could unduly influence the Harris County District Attorney to enforce certain Election Code provisions noting, "It would violate this separation of powers for the Attorney General … to exercise undue influence over Ogg's prosecutorial discretion. *Id*. We will not presume such a violation." *Ogg*, 105 F.4th at 331. Thus, the district court below rightly decided that Appellants had not shown that Appellee Garza has demonstrated a willingness to enforce the pre-Roe statutes or that he would be influenced to do so. ROA.18856, 18860-18864. The general responsibility to enforce the laws in question, if they even remain enforceable, is not elevated to a specific compelling duty to do so; Appellee Garza inarguably retains discretion, despite the Texas Attorney General or certain legislators' level of confidence on the subject.

**2. Appellants Did Not Present More Than a Scintilla of Affirmative Action by Appellee Garza to Enforce the Pre-*Roe* Statutes**

Although evidence of actual enforcement is not required, a plaintiff's claim under *Ex parte Young* must show "some scintilla" of affirmative action by the state official being sued. *See Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023) (citing *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party I*"). The district court properly applied this second guidepost

of *Ogg*, expressly noting that "… Plaintiffs only argue that [the prosecutor defendants'] silence or refusal to disavow enforcement indicates a demonstrated willingness to enforce." ROA.18860.[9] The district court appropriately attached little significance to Appellee Garza's and other defendant prosecutors' stipulation two years before the *Ogg* decision, that they were "proper" defendants based on their authority to prosecute under the challenged statutes. *Id*., at fn. 5.

This stipulation does not make them proper *Ex parte Young* defendants under *Ogg*. *Id*. Relying solely on a refusal to disavow is not enough despite Appellants continued inapposite citation of cases addressing standing. Dkt. 60 at 20. Again, the district court correctly explained standing to assert a claim is not the same as the *Ex parte Young* analysis requiring affirmative acts evidencing a "willingness to enforce." ROA.18861. Appellants' reliance on cases focused on standing, and not immunity under *Ex parte Young*, is misplaced. Dkt. 60 at 20, citing *Virginia v. Am. Booksellers Ass'n, Inc.,* 484 U.S. 383, 393 (1988) (certified question answered sub nom.); *Commonwealth v. Am. Booksellers Ass'n, Inc.*, 236 Va. 168, 372 S.E.2d 618 (1988) (focused exclusively on standing and specifically certifying two questions to

[9] Notably, Appellants' Brief does not mention Appellee Garza as one of the recipients of the letter requesting confirmation that the prosecutors would not investigate or prosecute for funding assistance. Dkt. 60 at 19. Instead, it only refers to sending an email to counsel for "every Appellee" asking for their clients' beliefs about criminality under the pre-*Roe* laws and seeking an agreement not to prosecute. *Id.* at 19-20.

the Virginia Supreme Court before it could even address constitutional issues).[10] The district court also correctly noted that Appellants' other two cases on pre-enforcement challenges focused primarily on standing and not immunity. ROA.18861.

This Court has addressed this distinction clearly in one of Appellants' cited cases, finding that immunity shielded certain officials from suit:

> We recognize, of course, that we have already concluded that Plaintiffs sustained an injury for purposes of their First Amendment pre-enforcement challenge because the assumed substantial threat of future enforcement has chilled their use of drones. But this conclusion does not necessarily conflict with the fact that Defendants have not shown a demonstrated willingness to exercise their enforcement duties under *Ex parte Young*. To be sure, we have suggested that, in some cases, "an official's 'connection to enforcement' is satisfied when standing has been established," and we have similarly observed that there can be "significant overlap" between the standing and *Ex parte Young* inquiries. Those inquiries, however, are not completely coterminous, and the mere fact that standing requirements may be relaxed for First Amendment pre-enforcement challenges does not mean that "the requirements of *Ex parte Young* have in any way been relaxed or vitiated." Thus, because Plaintiffs have provided no evidence that Defendants will enforce Chapter 423, we hold that the *Ex parte Young* exception does not apply to Director McCraw or Chief Mathis and that they are entitled to sovereign immunity.

*Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 786–87 (5th Cir.), cert. denied sub nom., *Nat'l Press Photographers Ass'n v. Higgins*, 145 S. Ct. 140, 220

---

[10] Another case upon which Appellants rest their claim that *Ogg* was misapplied below is *Umphress v. Hall*, 133 F.4th 455, 471 (5th Cir. 2025), certified question answered sub nom., *Umphress v. Steel*, 728 S.W.3d 716 (Tex. 2026). This Court's recent decision in *Umphress* also dealt primarily with Article III standing, not immunity, and also required certification of a question to the Texas Supreme Court. *Id*.

L. Ed. 2d 13 (2024).[11] In short, none of Appellants' authorities support the premise that the absolute lack of action or expression of intent to enforce a criminal statute satisfies the requirement of affirmative action by Appellee Garza. Accordingly, Appellants have failed to identify any genuine issue of material fact concerning Appellee Garza's express willingness to enforce the Pre-*Roe* Statutes.

Appellants' final argument on this point maintains that the defendant prosecutors' silence alone or in combination offers the required scintilla of affirmative action. Dkt. 60 at 22, citing *Book People, Inc. v. Wong*, 91 F.4th 318, 335 (5th Cir. 2024). But, as with so many of Appellants' other authorities, the *Book People* case involved the specific enforcement authority of the head of a state agency. *See Book People*, 91 F.4th at 335-36 (identifying Education Commissioner Morath's specific duties and connection to enforcement of the statute at issue). Moreover, Appellants cannot rely on the scant "facts" of alleged threat of enforcement from non-prosecutorial sources such as certain state legislators to form any "combination" when their few assertions differ significantly among the respective Appellees. Here, according to their Opening Brief, Appellants allege that the fact that Appellee Garza successfully defended an unrelated removal action for alleged *non*-enforcement of various laws, standing alone, evidences sufficient

---

[11] Although this Court did not extend 11th Amendment immunity to the District Attorney in that case, it appears the DA had insufficiently briefed the issue, and this Court acknowledged authority recognizing that immunity could apply to prosecutors for actions undertaken in a state rather that local capacity. *Id*. at 787 and nn. 74, 75, 76.

"affirmative action" of willingness to enforce the Pre-*Roe* Statutes.[12] This reed is far too slender, even with the purported revival of the Pre-*Roe* Statutes by *Dobbs,* to plausibly demonstrate willingness to enforce.

The district court adequately addressed Appellants' continued reliance on *In re Paxton*, 60 F.4th 252 (5th Cir. 2023). Although the district court agreed that, if read broadly, *In re Paxton* is in tension with *Ogg*, it refused to read it so broadly to create conflict. The district court noted that the case did not discuss immunity and left room for other considerations beyond the "statutory authority to the enforce the law." ROA.18858. Additionally, unlike the purported "chorus of state officials" relied upon by the concurrence in that case, and cited by Appellants, the words and actions under review in this appeal are those of Appellee Garza alone, which offer no evidence of willingness to enforce as required to apply the *Ex parte Young* exception to immunity.[13]

---

[12] The district court also reviewed additional evidence purporting to show the "scintilla" of affirmative action by certain defendants below, *other than Garza*, and found it also lacking. ROA.18862-64.

[13] *Mi Familia Vota v. Ogg*, 105 F.4th 313, 331 (5th Cir. 2024). This Court in *Ogg* articulated that a "failure to disavow future prosecutions" is not fatal to an official's claim of Eleventh Amendment immunity." *Id.* quoting *Minnesota RFL Repub. Farmer Lab. Caucus v. Freeman*, 33 F.4th 985, 992 (8th Cir. 2022). "Thus, although it may be relevant for standing, Ogg's failure to disavow prosecutions after this litigation concludes is not a basis for finding *Ex parte Young* applies." *Id.*

### 3. Appellants Created No Genuine Issue That They Were Compelled or Constrained by Appellee Garza

Having thoroughly analyzed the specific "duty to enforce" and "affirmative action" guideposts from *Ogg*, the district court offered little more on the third guidepost. ROA.18864-18865. Nevertheless, adhering to the *Ogg* decision, it noted that "'[F]ear of prosecution' stemming from 'the existence of the challenged statutes coupled with [the defendant's] authority to prosecute criminal cases' is insufficient to show constraint." ROA.18864 quoting *Ogg*, 105 F.4th at 332. Additionally, it noted the lack of enforcement of the Pre-*Roe* Statutes and the lack of any threat to do so made it unlikely that Appellee Garza and the other prosecutor defendants had "compelled or constrained" these specific Appellants. *Id*. Although the district court expressed concern about the reach of *Ogg* in limiting pre-enforcement review, it dutifully adhered to the clear guidance provided by this Court and properly granted judgment to Appellee Garza and others. ROA.18865-18866, ROA.18872.[14]

Appellants did not meet their burden below to demonstrate that any genuine issue of material issue existed that Appellee Garza has acted or will in the future act

[14] Appellants appear to argue a type of "slippery slope" argument concerning the district court's application of *Ogg*, positing that all that is required for prosecutors to avoid pre-enforcement challenges is to remain silent. (Dkt, 60, p. 36). Given Appellants' emphasis on the comments of the Attorney General and members of the Texas Legislature, it is not hard to imagine a different case, with a different set of facts, in which a zealous prosecutor might make public comments about intended enforcement of criminal laws of questionable constitutionality, thereby permitting application of the *Ex parte Young* exception. But, those are not remotely the facts here as demonstrated by the evidence presented to the court below.

in a manner that compels or constrains their conduct with respect to the challenged statutes. At best, Appellants have a "fear of prosecution" based upon the "existence of the challenged statutes, coupled with [Appellee Garza's general] authority to prosecute criminal cases" which is insufficient to show that Appellee Garza has constrained them. ROA.18864. The *Ogg* guidance followed by the district court is clear: "The [*Ex parte Young*] exception permits federal courts to enjoin prospective unconstitutional conduct by 'individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, **and** who threaten and are about to commence proceedings, either of a civil or criminal nature.'" *Ogg*, 105 F.4th at 325 (emphasis added), quoting *Ex parte Young*, 209 U.S. 123, 155-56 (1908).

The district court correctly observed that the prosecutor defendants "silence," "in the midst of a storm of constant claims by state officials" that the Pre-*Roe* Statutes can be enforced, was not sufficient proof of constraint. ROA.18864-18865. Appellee Garza's alleged silence, or lack of declaration not to enforce, is no more treasonous to Appellants' rights than was Thomas More's invocation of the maxim "Qui tacet consentit": "Silence gives consent" in *A Man for All Seasons*.[15] While the alleged silence might be seen by some as evidence of conceptual "consent" to the

[15] Robert Bolt, A Man for All Seasons (Random House 1962).

mere prospect of enforcement by *some* authority, it by no means can be read to compel or constrain Appellants as a "threat to commence proceedings" by Appellee Garza.

### C. The District Court Correctly Decided the Immunity Issue as a Matter of Law

As in *Ogg,* Appellee Garza occupies a constitutionally established position within the Judicial Branch of the State of Texas. *See* Tex. Const. art. V, sec. 21; Tex. Code of Crim. Proc. Art. 2A.102 (providing that each district attorney shall represent the State in all criminal cases in the district courts of their district). As a State of Texas official, Appellee Garza is generally entitled to sovereign immunity from suit. State sovereign immunity generally precludes suits against state officials in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity [] should be treated as suits against the State."); *Tex. Democratic Party I*, 961 F.3d 389, 400.

There are three exceptions that allow for suits against states, state agencies, and state officials in federal court: (1) clearly stated waiver or consent to suit by the state; (2) valid abrogation by Congress; or (3) the state's amenity to suit under the *Ex parte Young* doctrine. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Ex parte Young*, 209 U.S. 123 (1908). A state may explicitly waive its sovereign immunity. *Daigle v. Gulf State Utils. Co*., 794 F.2d 974, 980 (5th Cir. 1986). Waiver must be unequivocal; courts require a "clear declaration" to be

"certain that the State in fact consents to suit." *Sossamon v. Tex*., 563 U.S. 277, 284 (2011). Second, Congress may abrogate sovereign immunity through a clear expression of the intent to do so if it acts "pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Fla*., 517 U.S. 44, 55 (1996). Third, the *Ex parte Young* doctrine provides an "exception to Eleventh Amendment sovereign immunity" in the subset of cases to which it applies. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Neither the State of Texas nor Appellee Garza have waived his sovereign immunity, and there was no allegation below that Congress abrogated immunity from Appellants' claims. As explained above, Appellee Garza is not a proper defendant in this case under *Ex parte Young*. Importantly, Appellants make no argument that Appellee Garza, as a state official, is not eligible for Eleventh Amendment or sovereign immunity, but rely entirely on attempting to establish the exception to such immunity set forth by *Ex parte Young*. For all of the reasons argued above, they have failed to do so.

Similar to *Ogg*, Appellants' pleadings below named Appellee Garza solely because of his authority as an elected prosecutor representing the State of Texas to prosecute state law criminal offenses within his jurisdiction. However, as discussed above, "[a] general duty to enforce the law is insufficient" to establish the state official is a proper defendant under *Ogg,* 105 F.4th at 326. *See also Ex parte Young*. *Texas Democratic Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020) ("*Texas*

*Democratic Party II*"). Rather, the state official must have a "particular duty to enforce the statute in question." *Tex. All. For Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022).

Appellants continue to insist that former Defendant Paxton, by offering public statements regarding the enforceability of the pre-*Roe* statutes in his role as "chief law enforcement officer of the State of Texas," will "increase the likelihood and threat that the Pre-*Roe* Statutes will be enforced by a non-enjoined District or County Attorney". ROA.5552-5636 at ROA.5595; *accord*, Appellants' Brief [Dkt. 60] at 13-17, 23-24. As discussed above, in *Ogg*, the Fifth Circuit rejected similar arguments that the Texas Attorney General could unduly influence the Harris County District Attorney to enforce certain Election Code provisions noting, "It would violate this separation of powers for the Attorney General … to exercise undue influence over Ogg's prosecutorial discretion. *Id*. We will not presume such a violation." *Ogg*, 105 F.4th at 331. Thus, the evidence below did not support a genuine issue for trial that Appellants had shown that <u>Appellee Garza</u> had demonstrated a willingness to enforce the challenged pre-*Roe* statutes or that he would be influenced to do so. Similarly, under this Court's clarification in *Ogg,* the mere fact that Appellee Garza has the authority to enforce criminal laws in Travis County does not mean he has constrained Appellants from their desired activities in

this particular case. *Ogg,* supra; s*ee also City of Austin v. Paxton*, 943 F.3d 993, 1001 (5th Cir. 2019).

In their final argument seeking to reverse the decision below. Appellants contend that *Ogg* must have been wrongly decided because of its conflict with *Whole Woman's Health v. Jackson,* 595 U.S. 30, 45–46 (2021). Dkt. 60 at 39. But such contention presents, at best, a very strained reading of that case. In all but one area of contention therein, the Supreme Court held that *Ex parte Young*'s exception did not apply, permitting only claims against an executive licensing official with particular authority over enforcement actions under the challenged statute. *Id*. This parallels the discussion above where various authorities recognize *standing* to proceed against state executives with specifically assigned enforcement authority. But the Supreme Court was careful to say it would not apply the bar of sovereign immunity, "at the motion to dismiss stage," more than suggesting that a different burden would exist at summary judgment. *Id*. at 46. Appellants' case is not procedurally or factually the same, and the decision below represents no conflict with the Supreme Court or this Court's prior authorities regarding the *Ex Parte Young* exception.

In summary, Appellee Garza's mere status as an elected prosecutor, without more, is insufficient to make a proper claim to the *Ex parte Young* exception. *See Ogg*, 105 F.4th at 327 (explaining the insufficiency of a "specific duty" to prosecute

local crime to meet the "connection requirement" in *Young* and explaining that to find otherwise "would make district attorneys the proper defendants in challenges to *all* criminal statutes categorically." (emphasis original)). By requiring a showing that a state official has "some connection" to enforcement and is threatening to exercise that authority through affirmative conduct, courts ensure that the defendants are not sued merely as proxies for the State itself,[16] thereby preserving the limits imposed by the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 157. The district court correctly applied controlling precedent from this Court and the United States Supreme Court in finding that the *Ex parte Young* exception to immunity did not apply and granting judgment for Appellee Garza and the other prosecutor defendants below.

## <u>CONCLUSION AND PRAYER FOR RELIEF</u>

In conclusion, for the reasons and authorities asserted herein Appellee Travis County District Attorney José Garza prays that the Court affirm the dismissal of Appellants' claims against him and for such other and further relief herein as may be appropriate.

---

[16] Appellants continued reliance on the statements of various non-prosecutor elected officials for the State of Texas, including the Attorney General, and request that the specific named defendants be certified as a state-wide class of defendants in order to prevent enforcement of the pre-*Roe* statutes by *any* Texas prosecutor, regardless of their own statements or actions, demonstrates that Appellants are actually targeting the State of Texas itself, not the individual Appellees such as Appellee Garza. *See, e.g.,* ROA.5552-5636 (Second Amended Complaint) at 5552-5553, 5609-5612, 5630.

Respectfully Submitted,

**DELIA GARZA**
**TRAVIS COUNTY ATTORNEY**
P.O. Box 1748, Austin, Texas 78767
(512) 854-9513 telephone
(512) 854-4808 facsimile

By: /s/ Elaine Casas
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ELAINE CASAS
State Bar No. 00785750
Elaine.Casas@traviscountytx.gov
CYNTHIA W. VEIDT
State Bar No. 24028092
Cynthia.Veidt@traviscountytx.gov
Assistant County Attorneys
**ATTORNEYS FOR APPELLEE JOSÉ GARZA**

## CERTIFICATE OF SERVICE

I hereby certify that, on April 27,2026, an electronic copy of the foregoing was filed with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit, using the appellate CM/ECF system. I further certify that service will be accomplished by the appellate CM/ECF system on all parties in the case represented by counsel, who are registered CM/ECF users.

*/s/ Elaine Casas*
Elaine Casas

## <u>CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)</u>

Pursuant to 5th Cir. R. 32.3, the undersigned certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because:

1. This brief contains 8,173 number of words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).
2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point.

Dated: April 27, 2026

*/s/ Elaine A. Casas*
Elaine A. Casas
Assistant Travis County Attorney
**ATTORNEY FOR APPELLEE JOSÉ GARZA**