Case No. 25-50563

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

FUND TEXAS CHOICE; NORTH TEXAS EQUAL ACCESS FUND, LILITH FUND FOR REPRODUCTIVE EQUITY; FRONTERA FUND; JANE'S DUE PROCESS; CLINIC ACCESS SUPPORT NETWORK; GHAZALEH MOAYEDI; BUCKLE BUNNIES FUND,

*Plaintiffs – Appellants,*

v.

RICHARD E. GLASER; SUSAN R. DESKI; JULIE RENKEN; WILEY B. MCAFEE; JOSE GARZA; FRED H. WEBER; JOE GONZALES; TORIBIO PALACIOS; K. SUNSHINE STANEK; GOCHA ALLEN RAMIREZ; ORI T. WHITE; RYAN SINCLAIR; JACOB PUTMAN; JAMES MONTOYA,

*Defendants – Appellees.*

Appeal from the United States District Court for the
Western District of Texas (Austin Division)
No. 1:22-cv-859-RP

**BRIEF OF APPELLEES**

J. Eric Magee
SBN: 24007585
Allison, Bass & Magee, L.L.P.
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 482-0902 facsimile
*Counsel for Defendants - Appellees*
*Deski, Renken, McAfee, Weber, Glaser and Sinclair*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Parties | Counsel |
|---|---|
| ***Plaintiffs – Appellants*** | |
| Fund Texas Choice<br>Buckle Bunnies Fund<br>Clinic Access Support Network<br>Frontera Fund<br>Ghazaleh Moayedi<br>Jane's Due Process<br>Lilith Fund for Reproductive Equity<br>North Texas Equal Access Fund<br>The Afiya Center<br>West Fund | Elizabeth G. Myers<br>Allyn Jaqua Lowell<br>John Atkins<br>THOMPSON COBURN LLP<br><br>Alex Wilson Albright<br>Kevin H. Dubose<br>Kirsten M. Castañeda<br>ALEXANDER DUBOSE & JEFFERSON LLP |
| ***Defendants – Appellees*** | |
| Jose Garza<br>Julie Renken[1]<br>Susan R. Deski<br>Wiley B. "Sonny" McAfee[2]<br>Fred H. Weber<br>Joe Gonzales<br>Toribio Palacios<br>K. Sunshine Stanek<br>Gocha Allen Ramirez | Cynthia Contreras Gutierrez<br>CONTRERAS GUTIERREZ AND ASSOCIATES<br><br>Lisa V. Cubriel<br>Robert W. Piatt III<br>Bexar County District Attorney's Office<br><br>Leigh Ann Tognetti<br>Victor Manuel Garza<br>Hidalgo County District Attorney's Office |

[1] Julie Renken no longer serves as the District Attorney for Washington County, Texas. Following the November 2024 General Election and official oath of office in January 2025, a new district attorney represents Washington County.

[2] Wiley B. "Sonny" McAfee no longer serves as the 33rd & 424th Judicial Districts for Blanco, Burnet, Llano, and San Saba Counties. Following the November 2024 General Election and official oath of office in January 2025, a new district attorney represents the 33rd & 424th Judicial Districts.

| | |
|---|---|
| James Montoya<br>Richard E. Glaser[3]<br>Ryan Sinclair<br>Jacob Putman | J. Eric Magee<br>ALLISON, BASS & MAGEE, LLP<br><br>Heather Gebelin Hacker<br>HACKER STEPHENS LLP<br><br>Leslie W. Dippel<br>Cynthia Wilson Veidt<br>Elaine Agnes Casas<br>Travis County District Attorney's Office<br><br>John Untereker<br>Jennifer K. Irlbeck<br>Lubbock County District Attorney's Office |

/s/ J. Eric Magee
J. Eric Magee

[3] Richard E. Glaser no longer serves as the District Attorney for Fannin County, Texas. Following the November 2024 General Election and official oath of office in January 2025, a new district attorney represents Fannin County.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees Susan R. Deski, Julie Renken, Wiley B. "Sonny" McAfee, Fred Weber, Richard E. Glaser and Ryan Sinclair believe that the factual and legal arguments in this case have been properly decided by the district court and are adequately presented in the briefs and record. The Court's decisional process would not be significantly aided by oral argument. However, Appellees welcome the opportunity to present oral argument if the Court deems necessary to adjudicate this matter.

## TABLE OF CONTENTS

BRIEF OF APPELLEES....................1
CERTIFICATE OF INTERESTED PERSONS....................2
STATEMENT REGARDING ORAL ARGUMENT....................4
TABLE OF CONTENTS....................5
TABLE OF AUTHORITIES....................6
BRIEF OF APPELLEES....................7
STATEMENT OF ISSUE(S) PRESENTED FOR REVIEW....................8
STATEMENT OF THE CASE....................8
SUMMARY OF THE ARGUMENT....................12
ARGUMENT....................12
A. STANDARD OF REVIEW....................12
B. THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT....................13
1. Duty to Enforce the Challenged Provisions. ....................17
2. Willingness to Exercise the Duty....................18
3. Conduct that Compels or Constrains....................20
PRAYER....................21
CERTIFICATE OF SERVICE....................22
CERTIFICATE OF COMPLIANCE WITH RULE 32(A)....................233

# TABLE OF AUTHORITIES

PAGE(S)

Cases

*Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507 (5th Cir. 2017) ........ 12
*Alden v. Maine*, 527 U.S. 706 (1999) ........ 15
*Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775 (1991) ........ 15
*City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019) ........ 13, 17, 20
*Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908) ........ passim
*Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460 (5th Cir. 2020) ........ 16
*Haverkamp v. Linthicum*, 6 F.4th 662, 670 (5th Cir. 2021) ........ 17
*K.P. v. LeBlanc*, 627 F.3d 115 (5th Cir. 2010) ........ 16
*McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004) ........ 19
*Mi Familia Vota v. Ogg,* 105 F.4th 313 (5th Cir. 2024) ........ passim
*NiGen Biotech, LLC v. Paxton*, 804 F.3d 389 (5th Cir. 2015) ........ 13
*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) ........ 15
*Roe v. Wade*, 410 U.S. 113 (1973) ........ 8
*Texas All. for Retired Ams. v. Scott*, 28 F.4th 669 (5th Cir. 2022) ........ 16, 18
*Texas Democratic Party v. Abbott*, 961 F.3d 389 (5th Cir. 2020) ........ 15, 16, 18
*Texas Democratic Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020) ........ 17
*United States v. Texas*, No. 24-50149, 2026 WL 1122127 (5th Cir. Apr. 24, 2026) 13
*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021) ........ 13

Statutes

Tex. Code. Crim. Proc. art. 2A.101 ........ 18
Tex. Loc. Gov't Code Ann. §87.011(3)(B) ........ 18

Case No. 25-50563

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

FUND TEXAS CHOICE; NORTH TEXAS EQUAL ACCESS FUND, LILITH FUND FOR REPRODUCTIVE EQUITY; FRONTERA FUND; JANE'S DUE PROCESS; CLINIC ACCESS SUPPORT NETWORK; GHAZALEH MOAYEDI; BUCKLE BUNNIES FUND,

*Plaintiffs – Appellants,*

v.

RICHARD E. GLASER; SUSAN R. DESKI; JULIE RENKEN; WILEY B. MCAFEE; JOSE GARZA; FRED H. WEBER; JOE GONZALES; TORIBIO PALACIOS; K. SUNSHINE STANEK; GOCHA ALLEN RAMIREZ; ORI T. WHITE; RYAN SINCLAIR; JACOB PUTMAN; JAMES MONTOYA,

*Defendants – Appellees.*

Appeal from the United States District Court for the
Western District of Texas (Austin Division)
No. 1:22-cv-859-RP

**BRIEF OF APPELLEES**

TO THE HONORABLE COURT OF APPEALS:

Defendants – Appellees Susan R. Deski, Julie Renken, Wiley B. "Sonny" McAfee, Fred Weber, Richard E. Glaser and Ryan Sinclair, file their brief, and in support thereof, respectfully show the following:

This is an appeal from a final judgment granting Defendants-Appellees' Motion for Summary Judgment by District Judge Robert Pittman on May 23, 2025, finding that the district court lacked subject-matter jurisdiction because Plaintiffs failed to demonstrate that Defendants-Appellees fall into the *Ex parte Young* exception. ROA.18845-ROA.18866. Specifically, the district court determined that, applying the three connection guideposts "with the enforcement of the challenged act" articulated by *Mi Familia Vota v. Ogg*, "all three demonstrate that the Prosecutor Defendants are not proper *Ex parte Young* defendants." ROA.18845-ROA.18866; *Mi Familia Vota v. Ogg,* 105 F.4th 313 (5th Cir. 2024).

## STATEMENT OF ISSUE(S) PRESENTED FOR REVIEW

> Whether the district court properly dismissed Plaintiffs-Appellants' claims as the district court determined that it lacked subject-matter jurisdiction because Plaintiffs-Appellants failed to demonstrate that the Defendants-Appellees fall into the *Ex parte Young* exception.

## STATEMENT OF THE CASE

This appeal originates from a complaint brought by Plaintiffs-Appellants Buckle Bunnies Fund, Clinic Access Support Network, Frontera Fund, Fund Texas Choice, Jane's Due Process, Ghazaleh Moayedi, The Afiya Center, The Lilith Fund for Reproductive Equity, The North Texas Equal Access Fund, and West Fund ("Appellants") concerning "the validity of Texas statutes which criminalized abortion prior to the Supreme Court's decision in *Roe v. Wade*, 410 U.S. 113, 166 (1973) ("pre-*Roe* laws")" and the Texas Legislature's "finding in S.B. 8 that Texas

‘never repealed, either expressly or by implication, the state statutes enacted before the ruling in *Roe v. Wade*, 410 U.S. 113 (1973), that prohibit and criminalize abortion unless the mother’s life is in danger.’ S.B. 8 § 2 (Tex. 2021).” ROA.18846-18848.

Appellants filed their Second Amended Class Action Complaint for Declaratory and Injunctive Relief on April 20, 2023. ROA.5552-5962; *see also*, ROA.89-ROA.178. “Plaintiffs in this action are Texas-based non-profit abortion funds and practical support networks, and an individual doctor who also serves as a board member for one of the nonprofits” challenging the enforcement of the Pre-*Roe* Statutes (TEX. REV. STAT. ANN. §§ 4512.1, 4512.2, 4512.3, 4512.4, 4512.6) and Senate Bill 8 (TEX. HEALTH & SAFETY CODE ANN. § 171.201 et seq. and TEX. CIV. PRAC. & REM. CODE ANN. § 30.022). ROA.5562-ROA.5578. Appellants’ Second Amended Complaint seeks “to enjoin Defendants … from enforcing Texas’s anti-abortion laws against Plaintiffs for the legal exercise of their constitutional rights. Plaintiffs also seek a declaratory judgment (1) declaring the Pre-Roe Statutes unconstitutional to the extent applied to funding or practical support for abortion procedures that occur outside the State of Texas, (2) declaring the Pre-Roe statutes were impliedly repealed, null and void, and/or unenforceable; and (3) declaring SB8 unconstitutional, null and void under the United States Constitution and federal law.” ROA.5560-ROA.5561.

Appellants generally allege that "each Prosecutor Defendant has the sole authority of the State of Texas within his or her respective districts to file and pursue criminal cases, including any cases charging a violation of the Pre-Roe Statutes." ROA.5583. Each Defendant-Appellee was sued in their official capacity as the District Attorney for their respective district or County Attorney in their County representing the State of Texas. ROA.5580-ROA.5582.

As noted in the district court's Order, in addition to Appellants' Motion for Partial Summary Judgment, Defendants-Appellants filed their own dispositive motions as follows:

> Garza filed a Motion for Summary Judgment, (Dkt. 474)[ROA.18247-ROA.18262], Deski, Glaser, McAfee, Renken, Sinclair, and Weber filed a Motion for Judgment on the Pleadings and Motion for Summary Judgment, (Dkt. 475)[ROA.18263-ROA.18278], Gonzales filed a Motion for Summary Judgment, (Dkt. 476)[ROA.18279-ROA.18293], Putman filed a Motion for Summary Judgment, (Dkt. 478)[ROA.18322-ROA.18348], and Montoya filed a Motion for Summary Judgment, (Dkt. 483)[ROA.18661-ROA.18665]. Defendants Ramirez, Palacios, and Stanek did not move for summary judgment but raise essentially the same arguments in their responses to Plaintiffs' Partial Motion for Summary Judgment. (Dkts. 415, 419, 423)[ROA.17135-ROA.17139;ROA.17170-ROA.17182; ROA.17324-ROA.17331]. White did not answer or otherwise respond. (*See* Dkt. 357, at 1)[ROA.14768].
>
> The Prosecutor Defendants' motions focus on the purported procedural deficiencies in the case. All of the dispositive motions argue that Plaintiffs' claims against the Prosecutor Defendants are barred by Eleventh Amendment and sovereign immunity under the *Ex parte Young* test laid out by the Fifth Circuit in *Mi Familia Vota v. Ogg*. (Dkt. 474, at 2 [ROA.18248]; Dkt. 475, at 7–13 [ROA.18269-ROA.18275]; Dkt. 476, at 8–15 [ROA.18286-ROA.18293]; Dkt. 478, at 15–20

> [ROA.18336-ROA.18341]; Dkt. 483, at 1–5 [ROA.18661-ROA.18665]; Dkt. 415, at 1–4 [ROA.17135-ROA.17138]; Dkt. 419, at 5–13 [ROA.17174-ROA.17182]; Dkt. 423, at 3–6) [ROA.17326-ROA.17329]. Renken, McAfee, and Glaser additionally argue that because they no longer serve as the district attorneys in their respective counties, Plaintiffs have failed to demonstrate and/or establish that substitution by their successors-in-office would be appropriate in this matter pursuant to Federal Rule of Civil Procedure 25. (Dkt. 475, at 2–3) [ROA.18264-ROA.18265]. Finally, Deski, Renken, McAfee, Weber, Glaser, Sinclair, and Putman once again argue that Plaintiffs lack standing. (Dkt. 475, at 9 [ROA.18271]; Dkt. 478, at 6–15) [ROA.18327-ROA18336].
>
> Plaintiffs filed a consolidated response in opposition to most of the Prosecutor Defendants' motions. (Dkt. 485)[ROA.18671-ROA18696]. Plaintiffs filed a separate response to Putman's motion, which incorporates facts gathered via the additional discovery the Court granted. (Dkt. 487)[ROA.18701-ROA.18724].

ROA.18852-ROA.18853.

On May 23, 2025, the Honorable Robert Pittman, United States District Judge, entered the district court's Order granting Defendant-Appellant Garza's Motion for Summary Judgment, (ROA.18247-ROA.18262); Defendants-Appellants Deski, Glaser, McAfee, Renken, Sinclair, and Weber's Motion for Judgment on the Pleadings and Motion for Summary Judgment, (ROA.18263-ROA.18278); Defendant-Appellant Gonzales's Motion for Summary Judgment, (ROA.18279-ROA.18293); Defendant-Appellant Putman's Motion for Summary Judgment, (Dkt. ROA.18322-ROA.18348); and Defendant-Appellant Montoya's Motion for Summary Judgment, (ROA.18661-ROA.18665), dismissing all claims asserted against them. ROA.18865. Further, the district court dismissed all claims asserted

against Defendants-Appellants Ramirez, Palacios and Stanek. ROA.18866. The district court entered its Final Judgment on June 11, 2025. ROA.18872.

On July 10, 2025, Appellants filed their Notice of Appeal from the final judgment and "all prior decisions leading up to the final judgment, including, but not limited to, orders entered on May 23, 2025." ROA.18873.

## SUMMARY OF THE ARGUMENT

The Court should affirm the district court's final judgment dismissing all claims. The district court properly followed this Court's ruling in *Mi Familia Vota v. Ogg,* 105 F.4th 313 (5th Cir. 2024) applying the guideposts to ensure that a defendant has some connection with the enforcement of the challenged act.

Appellants failed to present evidence supporting their assertions that their rights, as protected by the U.S. Constitution, were violated by Defendants-Appellees Deski, Renken, McAfee, Weber, Glaser and Sinclair. Defendants-Appellees are entitled to Eleventh Amendment and sovereign immunity, and the *Ex parte Young* exception does not apply to Appellants' claims.

## ARGUMENT

### A. STANDARD OF REVIEW

This Court reviews *de novo* whether Defendants-Appellees are entitled to sovereign immunity as against actions seeking prospective constitutional relief. *Air*

*Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 513 (5th Cir. 2017).

### B. THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT AS THERE ARE NO GENUINE FACTUAL DISPUTES DEMONSTRATING THAT DEFENDANTS-APPELLEES ARE PROPER *EX PARTE YOUNG* DEFENDANTS.

"Federal courts have a solemn responsibility to apply neutral principles, such as standing, to the cases that come before them and must resist the temptation to confer Article III standing any time an advocacy group or political subdivision challenges a law it passionately dislikes." *United States v. Texas*, No. 24-50149, 2026 WL 1122127, at *6 (5th Cir. Apr. 24, 2026). "When enterprising plaintiffs repackage a generalized grievance as an "injury," courts should rightly exercise caution." *Id*. "Otherwise, they risk being led astray by plaintiffs' artful articulations or backhanded bootstrapping. Instead, courts must enforce Article III's limits and dismiss cases for want of jurisdiction in the absence of standing." *Id*. Although this Court has highlighted the similarities between the *Ex parte Young* analysis and Article III standing analysis, these analyses are "not identical." *Ogg*, 105 F.4th at 329 (citing *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019) and *NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 394 n.5 (5th Cir. 2015)).

"[T]hose seeking to challenge the constitutionality of state laws are not always able to pick and choose the timing and preferred forum for their arguments." *Ogg*, 105 F.4th at 333 (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 49

(2021)). "The Supreme Court has **never recognized an unqualified right to pre-enforcement review** of constitutional claims in federal court." *Id.* (emphasis added). "The simple fact is that many federal constitutional rights are as a practical matter asserted typically as defenses to state-law claims, not in federal pre-enforcement cases like this one." *Id.*

Here, the district court notes that "Defendants have said nothing about their willingness to enforce the pre-*Roe* laws in the four years since *Dobbs*" and the district court found no "evidence of willingness to enforce." ROA.18862. Specifically, there was no evidence or testimony offered by Appellants demonstrating any statements, comments, interviews, or correspondence by these Defendants-Appellees threatening any enforcement action in response to Appellants desired conduct of facilitating out of state abortions. Defendants-Appellees "Renken, McAfee, and Glaser have been replaced in their official capacities following the election of their successors. Derek Estep replaced Julie Renken as District Attorney for Washington County; Perry Thomas replaced Wiley B. McAfee as County Attorney for Blanco, Burnet, Llano, and San Saba Counties; and John Skotnik replaced Richard E. Glaser as District Attorney for Fannin County." ROA.18845. Further, Appellants failed to assert any allegations against Defendants-Appellees Renken and McAfee's successors-in-office – demonstrating any threatened enforcement action in response to their desired conduct—facilitating out

of state abortions. Similarly, Appellants failed to assert any allegations against Defendant-Appellee Glaser's successor-in-office.

Appellants purport to show some "scintilla" of affirmative action by Defendant-Appellee Sinclair. However, the district court properly noted that a social media post of "an article regarding the *Dobbs* decision to social media, calling it 'good news' reflects only "Sinclair's personal views [and] this statement says nothing about his willingness to enforce the pre-*Roe* laws." ROA.18862.

The Supreme Court determined that "[s]overeign immunity presents a common law barrier to the exercise of federal judicial power that predates Article III12." *Ogg*, 105 F.4th at 330 (citing *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991)). "The Eleventh Amendment reinforced this barrier by forbidding federal courts from construing Article III to allow suits against the States without their consent." *Id.* (citing *Alden v. Maine*, 527 U.S. 706, 722–23 (1999)).

"Generally, state sovereign immunity precludes suits against state officials in their official capacities." *Id.* at 325 (quoting *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020)("*Texas Democratic Party I*")). As this Court discussed, "*Ex parte Young* was a judicial invention that provides a narrow pathway to overcome sovereign immunity that is necessary to guarantee 'the effective supremacy of rights and powers secured elsewhere in the Constitution.'" *Id.* at 330

(*see Ex parte Young*, 209 U.S. 123 (1908); *see also*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984)(internal citations omitted)). The three requirements of the *Ex parte Young* exception are that: "(1) [a] plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." *Id*. at 325 (quoting *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020)(*en banc*)).

Therefore, courts must determine whether the state official has "some connection with the enforcement of" the law being challenged in order for that state official to be a proper defendant. *Id.* (quoting *Ex parte Young*, 209 U.S. at 157). "To determine whether an official has demonstrated a willingness to enforce a challenged statute, we consider **the prior or contemporaneous affirmative acts of the named official**." *Id.* at 330 (citing *See, e.g.*, *K.P. v. LeBlanc*, 627 F.3d 115, 124–25 (5th Cir. 2010)(emphasis added)). This Court notes that it "once expressed that [o]ur decisions are not a model of clarity on what constitutes a sufficient connection to enforcement"; therefore, there are "guideposts" to aid the Court's in that decision. *Id.* at 325 (*see also*, *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 n.21 (5th Cir. 2020)("*Texas Democratic Party I*") and *Texas All. for Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022)). In making that determination, the "guideposts" are as follows: "(1) the state official has 'more than the general duty to see that the laws

of the state are implemented,' *i.e.*, a 'particular duty to enforce the statute in question'; (2) the state official has 'a demonstrated willingness to exercise that duty'; and (3) the state official, through her conduct, 'compel[s] or constrain[s persons] to obey the challenged law.' *Id.* (quoting *Texas All. for Retired Ams. v. Scott*, 28 F.4th at 672). Specifically, the district court properly determined that Ogg addresses "*Ex parte Young* exception head-on, assessing each of the three guideposts in detail" and "…to be a clearer ruling on *Ex parte Young*...." ROA.18858. Therefore, "[h]aving determined that *Ogg* is binding," the district court correctly addressed Defendants-Appellees' sovereign immunity" and "each of the three guideposts in turn." ROA.18859.

**1. Duty to Enforce the Challenged Provisions.**

The Fifth Circuit determined that "[t]o be amenable to suit under [*Ex parte Young*], the state actor must both possess the authority to enforce the challenged law and have a sufficient connection [to] the enforcement of the challenged act." *Id*. at 328 (quoting *Haverkamp v. Linthicum*, 6 F.4th 662, 670 (5th Cir. 2021)(third alteration in original)(quotation marks and citations omitted)). As in *Ogg*, Defendants have discretionary authority to bring criminal prosecutions within their respectively jurisdictions. "A general duty to enforce the law is insufficient." *Id*. at 326 (quoting *Texas Democratic Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020)("*Texas Democratic Party II*")). It is undisputed that "[m]ere authority is not

enough." *Id.* Specifically, discretionary authority to act, on its own, is insufficient to give rise to a particular duty to act; thus, there is no "sufficient connection to enforcement." *Id*. at 327 (citing *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019))(quoting *Ex parte Young*, 209 U.S. at 157, 28 S.Ct. 441).

The district court properly disagreed with Appellants' assertion that Texas Local Government Code Section 87.011(3)(B) removes the Defendants-Appellees' discretion. ROA.18859. Specifically, the district court properly states that Texas Local Government Code Section 87.011(3)(B) "does not mandate that district attorneys prosecute every case under every criminal statute no matter the specific facts. Further, Article 2A.101 of the Texas Code of Criminal Procedure, which went into effect on January 1, 2025—after Section 87.011(3)(B)—provides that "[t]he primary duty of an attorney representing the state, including a special prosecutor, is not to convict but to see that justice is done." Tex. Code. Crim. Proc. art. 2A.101 (West 2025)." ROA.18859. Therefore, the Code of Criminal Procedure "clarifies that prosecutors have discretion over which cases to pursue." ROA.18859.

The district court properly determined that the first guidepost weighs in favor of sovereign immunity as there is no "specific duty" to enforce the pre-*Roe* laws.

**2. Willingness to Exercise the Duty.**

Appellants must establish that these state officials have "demonstrated willingness" to enforce the challenged statutory provisions. Ogg, 105 F.4th at 329

(citing *Texas All.*, 28 F.4th at 672). Plaintiffs must show that some affirmative action was taken on the part of each named defendant. *Id*. at 331 (see *Texas Democratic Party I*, 961 F.3d at 401). "In deciding how big the step must be, 'the bare minimum appears to be 'some scintilla' of affirmative action by the state official.'" *Id.* at 329.

The district court notes that Appellants only assert that Defendants-Appellants Deski, Renken, McAfee, and Weber's "silence or refusal to disavow enforcement indicates a demonstrated willingness to enforce." ROA.18860. The district court properly determined that

> [i]n light of the pre-*Roe* laws' uncertain status, the Court does not find that the Prosecutor Defendants' failure to disavow enforcement under the circumstances amounts to willingness to enforce. Notably, it is unclear whether the laws are enforceable at all. The Fifth Circuit has already held that they have been repealed by implication. *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004). Based on that decision, this Court has held that Plaintiffs are likely to succeed on the merits in this case, (Order, Dkt. 120, at 44–48), but it has also said that Plaintiffs' desired conduct of funding and facilitating out-of-state abortions arguably falls within the laws' ambit. (*Id.* at 33). Despite the legal precedent, the Texas Legislature has issued a legislative finding that the laws are still enforceable, and Paxton has said the same. S.B. 8 § 2 (Tex. 2021). Because the pre-*Roe* laws' validity is in dispute, it is not surprising that prosecutors would decline to answer whether they would enforce them.
>
> Beyond refusal to disavow enforcement, Plaintiffs do not assert that most of the Prosecutor Defendants have taken any affirmative acts to enforce or threaten to enforce the pre-*Roe* laws. Though the Court agrees that a clear refusal to disavow enforcement can constitute an affirmative act in certain circumstances, the Court declines to find affirmative acts on the facts here. Beyond their silence in response to Plaintiffs' questions—which makes sense in light of the laws' questionable enforceability—the Prosecutor Defendants have said

> nothing about their willingness to enforce the pre-*Roe* laws in the four years since *Dobbs*. **<u>Considering the length of time Plaintiffs have had to find evidence of willingness to enforce, and their inability to do so</u>**, the Court finds that the second guidepost tips in Defendants' favor.

ROA.18861-ROA.18862. (emphasis added).

Further, the district court properly determined that Defendant-Appellee Sinclair's social media post concerning the *Dobbs* decision, only reflects personal views and fails to demonstrate his willingness to enforce the pre-*Roe* laws. ROA.18862. Similarly, Defendant-Appellee Glaser[4] responded to a question about Texas's abortion laws post-*Dobbs* and simply stated that "he feels he cannot pick and choose what he does or does not prosecute[.]" ROA.18862. Further, the district court notes that "the interview discussed abortion laws generally, not the pre-*Roe* laws at issue here...." ROA.18862. Thus, the district court properly determined that Appellants "put forth no evidence of action or threat from Sinclair and Glaser regarding the pre-*Roe* laws specifically." ROA.18862.

**3. Conduct that Compels or Constrains**

Fear of prosecution is insufficient to demonstrate compulsion or constraint under our *Ex parte Young* precedent. *Ogg,* 105 F.4th at 332. "[T]he mere fact that the state official has the authority to enforce the challenged statute cannot be said to

[4] Appellants failed to assert any allegations against Defendant-Appellee Glaser's successor-in-office demonstrating any threatened enforcement action in response to their desired conduct—facilitating out of state abortions.

'constrain' the party challenging the statute." *Id. (quoting City of Austin, 943 F.3d at 1001)).* Plaintiffs must demonstrate that Defendants have acted or will likely act in a way that would compel or constrain them. *Id.*

Appellants assert that "silence is sufficiently chilling to demonstrate their willingness to enforce the Pre-Roe Statutes." Appellants' Brief at 24. The district court correctly determined that this purported chilling effect, assertions of Defendants-Appellees' "silence," "in the midst of a storm of constant claims by state officials that the Pre-*Roe* Statutes *can* be enforced", is not sufficient proof of constraint. ROA. 18864-ROA.18865.

Under *Ogg*, these Defendants-Appellees are entitled to Eleventh Amendment and sovereign immunity, and the *Ex parte Young* exception does not apply to Appellants' claims. As the district court determined "[a]pplying the connection guideposts as articulated by *Ogg*, all three demonstrate that the Prosecutor Defendants are not proper *Ex parte Young* defendants. Because no genuine factual dispute remains, and the Prosecutor Defendants are entitled to judgment as a matter of law, the Court will grant the Prosecutor Defendants' Motions for Summary Judgment." ROA.18865.

## PRAYER

Defendants – Appellees Susan R. Deski, Julie Renken, Wiley B. "Sonny" McAfee, Fred Weber, Richard E. Glaser and Ryan Sinclair request that the Court

uphold the district court's final judgment granting their Motion for Summary Judgment. Defendants – Appellees are entitled to judgment as a matter of law as the district court lacks subject-matter jurisdiction because Plaintiffs failed to demonstrate that the any of these Defendants – Appellees fall into the *Ex parte Young* exception.

Respectfully submitted,

/s/ J. Eric Magee
J. Eric Magee
State Bar Number: 24007585
e.magee@allison-bass.com
ALLISON, BASS & MAGEE, L.L.P.
1301 Nueces Street, Suite 201
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that, on April 27, 2026, an electronic copy of the foregoing was filed with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit, using the appellate CM/ECF system. I further certify that all parties in the case are represented by counsel, who are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ J. Eric Magee
J. Eric Magee

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

- this brief contains 3387 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

- o this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2019, in 14-point Times New Roman Font

/s/ J. Eric Magee
J. Eric Magee
ALLISON, BASS & MAGEE, LLP
***Attorney for Defendants-Appellees Susan R. Deski, Julie Renken, Wiley B. "Sonny" McAfee, Fred Weber, Richard E. Glaser and Ryan Sinclair***

Dated: April 27, 2026